UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV 12  P 3: 26

U.S. DISTRICT COURT
DISTRICT OF MASS

INTERNATIONAL STRATEGIES GROUP, LTD.,

     Plaintiff,

     v.

GREENBERG TRAURIG, LLP, A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

     Defendants.

Civil Action No. 04-12000 RWZ

### DEFENDANT ECKERT SEAMANS CHERIN & MELLOTT LLC'S
### MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)

Defendant, Eckert Seamans Cherin & Mellott, LLC, ("ESCM"), by it counsel, moves the Court for an Order dismissing the Complaint as to ESCM. ESCM has submitted a Memorandum of Law in support of this Motion, and respectfully incorporates the arguments and authorities set forth therein. Assuming the truth of the allegations set forth in the Complaint of plaintiff International Strategies Group, Ltd. ("ISG"), all claims directed at ESCM should be dismissed as a matter of law for the following reasons:

1. The Complaint fails to state a claim against ESCM for the alleged legal malpractice of a former ESCM attorney, defendant A. John Pappalardo. (Complaint, Counts One and Six). As a matter of law any purported malpractice of Pappalardo while at ESCM was not a legal cause of ISG's alleged loss. It is indisputable and shown by the Complaint itself that Pappalardo left ESCM before the statute of limitations expired regarding potential legal actions that could have been brought on behalf of ISG and others to recover certain investment funds that were alleged to have been wrongfully depleted by various third persons. Even assuming *arguendo* that

Pappalardo represented or owed some other duty to ISG, which is denied, Pappalardo, after leaving ESCM, could have proceeded to file such actions, and so could have "independent legal counsel" retained by ISG before the statute of limitations expired. *See* Complaint ¶ 43.

2.   The claim for conversion against ESCM is barred by the statute of limitations. (Complaint, Count 4). M.G.L. ch. 260 § 2A provides that a conversion claim is subject to a three year statute of limitations. ISG's Complaint admits that ISG had actual knowledge, more than three years before filing this action, of the funds transfer on which it bases its conversion claim against ESCM.

3.   In addition to the fact that Pappalardo's purported negligence and legal malpractice is not, as a matter of law, a legal cause of any alleged loss suffered by ISG, any such claim is also barred by the statute of limitations. (Complaint, Count One). M.G.L. ch. 260 § 4 provides that an action for legal malpractice is subject to a three year statute of limitations. The Complaint was filed more than three years after Pappalardo left ESCM, and ISG knew at the time that Pappalardo left that no legal action had been commenced to recover the investment funds.

WHEREFORE, ESCM requests that all claims in the Complaint directed at ESCM be dismissed.

## REQUEST FOR ORAL ARGUMENT

ESCM requests oral argument on this motion.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _Devorah Levine_

Devorah A. Levine (BBO #650813)
One International Place, 18th Floor
Boston, MA  02110-2602
617-342-6800
Attorneys for Defendant
Eckert Seamans Cherin & Mellott, LLC

Of Counsel:
William B. Mallin, General Counsel
Timothy S. Coon
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
412-566-6000

Dated: November 11, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL STRATEGIES GROUP, LTD.,

      Plaintiff,                             Civil Action No. 04-12000 RWZ

      v.

GREENBERG TRAURIG, LLP, A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

                         Defendants.

      And now, this _____ day of _____, 200__, upon consideration of the

motion to dismiss filed by defendant Eckert Seamans Cherin & Mellott, LLC, the response

thereto and the argument of counsel, the motion is hereby granted and it is ORDERED that the

Complaint is dismissed as to defendant Eckert Seamans Cherin & Mellott, LLC. Judgment may

be entered dismissing the Complaint as to defendant Eckert Seamans Cherin & Mellott, LLC,

only.


                                     _____
                                     Rya W. Zobel
                                     United States District Judge

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT ECKERT SEAMANS CHERIN & MELLOTT LLC'S MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)** was served upon the following counsel of record by United States mail, postage prepaid, this 11th day of November, 2004.

Jessica Block
Block & Roos, LLP
60 State Street
Suite 3800
Boston, MA 02109

Counsel for plaintiff

Paul B. Galvani
Ropes & Gray LLP
One International Place
Boston, MA 02110

Counsel for defendants Greenberg
Traurig, LLP and A. John Pappalardo

Devorah Levine