UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, <br><br> Defendants | CIVIL ACTION No.: 04-12000 RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS GREENBERG TRAURIG, LLP AND A. JOHN PAPPALARDO**

Defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP") respectfully submit this memorandum of law in support of their motion to dismiss this Complaint. All claims directed against GT and AJP fail and should be dismissed because, as a matter of law, neither AJP nor GT was a legal cause of the alleged loss of plaintiff International Strategies Group, Ltd ("ISG").

GT and AJP agree with and rely upon the analysis with regard to causation articulated by Eckert Seamans Cherin and Mellott LLC ("ESCM") in paragraph one of its Motion to Dismiss this action and in the relevant text of its accompanying Memorandum of Law.[1] Counts One, Two, Three and Six against AJP, and Counts One and Six against GT, fail for the same reasons that ESCM has asserted in demonstrating that AJP was not the proximate cause of ISG's alleged damages. Moreover, in the one paragraph of the Complaint (¶ 42) in which ISG alleges activity

---

[1] At this stage of the proceedings, GT and AJP are not moving to dismiss on statute of limitations grounds, although they reserve their right to do so.

9588891_3.DOC

by AJP while he was at GT and allegedly representing ISG,[2] ISG simply alleges that AJP had some written and telephonic correspondence with ISG. These allegations are of a piece with the allegations concerning AJP's activities while at ESCM. Even if true, they do not change the basic situation. ISG had its own counsel in place by October 2001, and this was well before the statute of limitations had expired on ISG's potential legal claims to recover its investment funds, as ESCM has demonstrated. Accordingly, as set forth in ESCM's brief, neither GT nor AJP was the proximate cause of ISG's alleged damages.

For these reasons, also detailed in Defendant ESCM's Motion to Dismiss and accompanying Memorandum of Law, GT and AJP respectfully request that the Court dismiss this action and enter judgment in their favor.

Respectfully submitted,

GREENBERG TRAURIG, LLP AND
A. JOHN PAPPALARDO,

By their attorneys,


*/s/ Paul B. Galvani*
Paul B. Galvani (BBO # 183800)
Matthew P. Garvey (BBO # 655419)
Ropes & Gray LLP
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

Dated: November 19, 2004

---

[2] For the purposes of this motion only, GT and AJP assume the truth of the allegations.

-3-

## CERTIFICATE OF SERVICE

      I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, November 19, 2004, the above memorandum of law in support of motion to dismiss was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Deborah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

                                                                         */s/ Matthew P. Garvey*
                                                                         Matthew P. Garvey