UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, <br><br> Defendants | CIVIL ACTION No.: 04-12000 RWZ |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS GREENBERG TRAURIG, LLP AND A. JOHN PAPPALARDO**

Defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP") respectfully submit this reply memorandum of law in support of their motion to dismiss this complaint by International Strategies Group, Ltd ("ISG").[1]

In their opening brief, defendants AJP and GT, in large part by relying on the analysis in the opening brief submitted by Eckert, Seamans, Cherin and Mellott, LLC ("ESCM"), showed that the complaint in this action fails to state a claim against either AJP or GT because it does not allege facts that would support a finding that either AJP or GT was the proximate cause of ISG's alleged damages.[2]  ISG's response does not adequately address the points made in this opening brief.  Instead, ISG's response refers to conclusory allegations, cites inapposite caselaw, and alleges facts not alleged in the complaint, which should not be considered in determining this

---

[1] As GT and AJP were preparing to file this reply brief, they received an amended complaint from ISG, which they will analyze and reply to in due course.

[2] GT and AJP also rely on ESCM's reply brief.

motion to dismiss. Critically, ISG does not point to factual allegations that, if true, would support its claims against GT and AJP. Accordingly, this action should be dismissed.

**I.     Facts Not Alleged In ISG's Complaint Should Not Be Considered In Deciding This Motion**

In considering a motion to dismiss, the court should only look to the complaint, and not to any additional allegations contained in other sources, such as a brief by the plaintiff. *See Glaros v. Perse*, 628 F.2d 679, 681 (1st Cir. 1980)("we must disregard … additional allegations [contained in plaintiff's brief], because in reviewing the dismissal of a complaint, our focus is necessarily limited to the allegations contained in the complaint itself."). Accordingly, the myriad allegations ISG introduces in its response, including all of those related to ISG's suits against ABN Amro ("ABN") and First Merchant Bank ("FMB") in New York (collectively, the "New York Litigations"), have no bearing on this motion. And certainly the affidavit by Phillip G. Clark that ISG attached to its responses, in which Mr. Clark purports to make statements "[i]n addition to the allegations of the complaint," Clark Aff. at ¶ 2, should not be considered.[3]

**II.    Neither GT Nor AJP Was The Proximate Cause Of ISG's Alleged Harm**

Even if such new allegations were to be considered, ISG has alleged no set of facts to support the argument that either AJP or GT was the proximate cause of its harm, and ISG's legal analysis of why it should survive a motion to dismiss is unsupported and meritless.

    A.    <u>ISG's Allegations Are Inadequate To Survive A Motion To Dismiss</u>

ISG's response has not adequately addressed the central reason its claims should be dismissed. ISG points to no allegations, in the complaint or otherwise, that would support a finding that GT or AJP was the proximate cause of the injury alleged. As one of the few

---

[3] GT and AJP have filed a motion to strike this affidavit from the record. What the affidavit does disclose, as explicated in plaintiff's Opposition, is that the plaintiff has sued FMB and ABN Amro -- action it could have taken years ago.

authorities to which ISG cites makes clear, where a client alleges that a lawyer's delay in prosecution has caused injury, "[t]he burden is on the client to establish that delay proximately caused the injury." 4 Mallen & Smith, Legal Malpractice, The Plaintiff's Attorney—Delay in Prosecution—Errors Regarding Collectibility and Bankruptcy, § 30.20, 506 (5th Ed. 2000). "Usually delay does not cause damage 'unless it is probable that it caused the loss of a witness, passing of a statute of limitations or similar results.'" *Id*. at § 30.19, 505. ISG's response does not, and cannot, point to allegations in the complaint that, if true, could satisfy ISG's burden of demonstrating that either AJP or GT was the proximate cause of its alleged injury.

ISG claims that AJP caused it "to lose the opportunity to collect on its judgment against COB, Pomeroy and SBG" and "caused the lack of availability of other assets to satisfy ISG's judgment either against COB or third parties and further failed to prompt immediate settlements." Pl. Resp. to GT and AJP at 8. Overall, ISG points to three types of vague and conclusory allegations in support of this causation argument, none of which sets forth factual allegations sufficient to establish proximate cause, and thus ISG cannot survive this motion to dismiss. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996)("In order to survive a motion to dismiss, plaintiffs must set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery. Although all inferences must be made in the plaintiffs' favor, this court need not accept bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like.")(Internal citations and quotations omitted.)

First, ISG simply posits that AJP should have taken unspecified actions to "freeze assets." Pl. Resp. to AJP and GT at 2 and 4. The complaint contains only one mention of the possibility of "freezing", alleging that AJP, while he was at ESCM, "agreed with the advice of

-3-

[Stephen] Burr and [GT] that legal action, including but not limited to the freezing of assets, was absolutely essential and had to be taken immediately to ensure that the $19 million could be recovered." Compl. at ¶23, 24. Nowhere, in its complaint or otherwise, does ISG state what should have been done or what this would have accomplished. ISG does not spell out what assets should or could have been frozen, nor does it even allege that there were any assets available that could have been used to satisfy ISG's claims. While ISG makes reference to $350,000, it alleges that that sum was used by Corporation of the Bankhouse ("COB") to pay legal fees to GT and ESCM. Pl. Resp. to GT and AJP at 8 and 12, Compl. at ¶36. ISG does not allege that it would have had standing to freeze or somehow obtain this amount. Nor does ISG allege that the money was somehow improperly obtained by GT. Instead ISG, in the most conclusory of terms and referring to allegations not in the complaint, argues that it "has the right, either as a client or third-party beneficiary, to argue that those funds were misspent." (emphasis added). Pl. Resp. to GT and AJP at 12.[4] Such unsupportable conclusions do not satisfy ISG's pleading requirement.

---

[4] The allegation that ISG is an "intended beneficiary" of AJP's services, another allegation introduced by ISG in its response, would do nothing to save ISG's claims against GT and AJP even if it were in the complaint, as it does not address the critical flaw that neither AJP nor GT is shown to be the proximate cause of any harm to ISG. The way in which ISG makes this new allegation is interesting in demonstrating just how weak ISG's claim is even if it were to survive this motion to dismiss. ISG cites *Nat'l Bank of Canada v. Hale & Dorr LLP*, 17 Mass. L. Rep. 681, 2004 Mass. Super. LEXIS 142 *35-38 (April 28, 2004) for the proposition that "[a]s of August 1999, especially after AJP met with ISG and assured ISG he was protecting its interest, ESCM owed to ISG the same duty of care owed to COB to take prompt and appropriate action to preserve funds because ISG, like the other investors, was the intended beneficiary of his representation." Pl. Resp. to ESCM at 13. *Nat'l Bank of Canada* held that lawyers may owe a nonclient bank a contractual duty as an intended third-party beneficiary in the very narrow circumstance where the lawyers draft an opinion letter that the lawyers' client intends to use to influence the bank's behavior. *Id*. at *38. Significantly, the court rejected the bank's argument that the lawyers could also be liable to the bank for negligent misrepresentation. The court found that "competing interests" existed between the bank and the lawyers' client, and held that the lawyers therefore did not owe any fiduciary duty to the bank. *Id*. at *20-21. "It is 'well settled that an attorney has no duty to a nonclient where the nonclient has potentially conflicting interests with that of the attorney's client.'" *Id*. at *19. ISG has alleged that its interests were adverse to COB's, a client of AJP's and GT's. Compl. at ¶34, ¶49. While, for purposes of this motion only, AJP and GT assume the truth of the allegation that ISG was a client, it is clear that if it is determined that ISG was not a client of AJP's or GT's, neither AJP nor GT owed ISG any fiduciary duty at all.

Second, ISG points to its vague allegations that AJP's withholding of information from its new counsel somehow caused it harm. Pl. Resp. to AJP and GT at 9-10. ISG never identifies what documents that it ultimately obtained were important or what difference they would have made had they obtained them. ISG does not allege how any of the documents it ultimately gained from AJP would have placed ISG in a position to recover its investment had AJP not decided to withhold the information. This alleged withholding cannot be the basis for proximate causation.

Third, ISG uses conclusory language to allege in its reply, but not in its complaint, that its only causes of action in the New York Litigation were "derivative" and that this somehow did not leave ISG with sufficient time to sue ABN and FMB, after ISG retained independent counsel in October 2001, without running into statute of limitations problems. Pl. Resp. to AJP and GT at 10-12. ISG alleges without legal support that it was not able to take action against ABN and FMB until January 2004, when it received a court-ordered assignment of tort claims from COB and Pearlberg. Pl. Resp. at 8, 11. ISG never explains why it could not have pursued ABN and FMB years ago, as it obviously could have. Nor does ISG allege what AJP or GT could have done that would have put ISG in a better position with regard to these entities. Even had ISG's complaint contained the allegations in the response involving the New York Litigation, these allegations do not introduce any facts upon which a court could find that AJP or GT was the proximate cause of ISG's alleged harm.

B.  ISG's Legal Analysis Of Proximate Causation Is Meritless

ISG's response does not adequately address the voluminous caselaw cited by ESCM, and incorporated by reference into GT's and AJP's brief, supporting the argument that an attorney cannot be held liable for failing to file an action prior to the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's

action. *See* ESCM's Opening Brief at 9-14. Without addressing any of the cases cited by ESCM, ISG argues that an attorney may be liable where, despite the fact that the statute of limitations had not yet run when ISG hired independent counsel, "the delay in ISG's initiation of any claims … caused ISG to end up with an uncollectible judgment." Pl. Resp. to ESCM at 12. However, ISG does not point to a single supportive authority, as the one case ISG cites for this proposition, *Khadem v. Fischer & Kagan*, 215 A.D.2d 441, 626 N.Y.S.2d 500 (N.Y. App. Div. 1995), is off-point and distinguishable.

In *Khadem*, a lawyer had sued Pan American World Airways ("Pan Am") on the plaintiff's behalf. Although Pam Am never answered the complaint, the plaintiff's lawyer did not move for a default judgment. Almost eight years later, after plaintiff's lawyer had switched law firms, Pan Am filed for bankruptcy, and the plaintiff's action was automatically stayed. *Id*. at 442, 626 N.Y.S. 2d at 502. The court overturned the trial court's grant of summary judgment to the defendants finding that there was a question of fact as to whether or not the defendants were the proximate cause of the plaintiff's harm, i.e., their probable inability to collect judgment from Pan Am. The court rejected the arguments that Pan Am's bankruptcy "was so extraordinary under the circumstances as to attenuate any negligence on the part of the defendants from the plaintiff's ultimate injury" or that, because the lawyer had switched firms, "there was no continuous force which was active up until the time of the plaintiff's harm." *Id*. at 443, 626 N.Y.S. 2d at 502.

The situation in *Khaden* is clearly distinguishable from that alleged by ISG. For one thing, ISG has alleged that it retained independent counsel in October 2001, well before the statute of limitations had run on its potential claims. Compl. at ¶43. Unlike the lawyer in *Khaden*, then, AJP was not a "continuous force" who was active until the time of ISG's alleged

-6-

-7-

harm.  Second, the lawyer in *Khaden* had already filed suit on the plaintiff's behalf, and the negligence alleged was that he did not move for a default judgment in a timely manner despite being on notice of "the then-impending financial demise of Pan Am."  215 A.D.2d at 443, 626 N.Y.S.2d at 502.  *Khaden* cannot be read to impose a duty on an attorney to more quickly file suit in the first place.

## Conclusion

For the foregoing reasons, and for those given in their opening brief and in ESCM's reply brief, GT and AJP respectfully request that the Court dismiss this action and enter judgment in their favor.

Respectfully submitted,

GREENBERG TRAURIG, LLP AND
A. JOHN PAPPALARDO,

By their attorneys,

*/s/ Paul B. Galvani*
Paul B. Galvani (BBO # 183800)
Matthew P. Garvey (BBO # 655419)
Ropes & Gray LLP
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

Dated:  January 11, 2005

## CERTIFICATE OF SERVICE

      I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, January 11, 2005, the above memorandum of law in support of motion to dismiss was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

                                                       */s/ Matthew P. Garvey*
                                                       Matthew P. Garvey