UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, <br><br> Defendants | CIVIL ACTION No.: 04-12000 RWZ |

## DEFENDANTS GREENBERG TRAURIG, LLP'S AND A. JOHN PAPPALARDO'S MOTION TO DISMISS AMENDED COMPLAINT

Defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP") respectfully submit this motion to dismiss the amended complaint. All claims directed against GT and AJP fail and should be dismissed because, as a matter of law, neither AJP nor GT was a legal cause of the alleged loss of plaintiff International Strategies Group, Ltd ("ISG").

ISG filed its original complaint on September 16, 2004. Defendant Eckert Seamans Cherin and Mellott LLC ("ESCM") filed a motion to dismiss on November 12, 2004, and GT and AJP filed a motion to dismiss on November 19, 2004. ISG filed oppositions to both motions on December 23, 2004. As ESCM, GT and AJP were preparing to file their replies, ISG served them with an amended complaint on January 11, 2005. Presumably, ISG's amendments were designed to alter its allegations in a manner sufficient to survive the already-filed motions to dismiss. But nothing in the amended complaint changes the analysis that the defendants ESCM, AJP and GT have already laid out in their briefs. Even assuming, for the purposes of this motion

9632678_1.DOC

only, the truth of ISG's allegation that it was a client of GT and AJP, ISG has not alleged facts that would support a finding that either AJP or GT was the proximate cause of ISG's alleged damages.[1]  Accordingly, all counts against GT and AJP—counts one, two, three, four and seven of the amended complaint—should be dismissed.

ISG alleges that it "retained independent counsel" in late October 2001.  Am. Compl. at ¶46.  Like its original complaint, its amended complaint alleges no facts that would support a finding that, at this point, it did not have sufficient time to commence litigation against any prospective defendant in connection with its investment in Corporation of the Bankhouse ("COB") or that it was in any way harmed because GT or AJP had not yet commenced such litigation.  To the contrary, ISG admits it was able "to avoid any statute of limitations problems with respect to COB and Pomeroy" by taking action against them on March 22, 2002.  Am. Compl. at ¶50.  Instead, as GT and AJP address more fully in their memorandum of law in support of this motion, ISG now simply has added some vague and conclusory allegations, none of which sets forth factual allegations sufficient to establish proximate cause.  Without such allegations, ISG cannot survive this motion to dismiss.

Because ISG's amended complaint does not allege any facts upon which a court could find that AJP or GT was the proximate cause of ISG's alleged harm caused by delayed prosecution, all of ISG's counts against GT and AJP, including the one new count against GT and AJP alleging misrepresentation, must fail.  To prove a claim for misrepresentation, a plaintiff has the burden of establishing that the defendant's misrepresentations were the proximate cause of harm to the plaintiff.  *See Ploy v. Mylan*, 423 Mass. 141, 149, 667 N.E.2d 250, 256 (1996).  All damages alleged by ISG in its claim for misrepresentation stem from the allegation that "ISG forbore from initiating action against COB" as a result of misrepresentations by the defendants.

---

[1] GT and AJP reserve the defense of statute of limitations, but are not urging it at the present time.

*See* Am. Compl. at ¶60-61. Because, as a matter of law, ISG has not alleged facts sufficient to show that GT or AJP was the proximate cause of any alleged harm caused by delayed prosecution, ISG's claim for misrepresentation must fail.

For these reasons, and for those given in their memorandum in support of their motion to dismiss the amended complaint, their opening and reply briefs in support of their motion to dismiss the original complaint, and ESCM's opening and reply briefs in support of its motion to dismiss the original complaint and in its brief supporting its motion to dismiss the amended complaint, GT and AJP respectfully request that the Court dismiss this action and enter judgment in their favor.

          Respectfully submitted,

          GREENBERG TRAURIG, LLP AND
          A. JOHN PAPPALARDO,

          By their attorneys,

          */s/ Paul B. Galvani*
          Paul B. Galvani (BBO # 183800)
          Matthew P. Garvey (BBO # 655419)
          Ropes & Gray LLP
          One International Place
          Boston, MA 02110
          Tel.: (617) 951-7000

Dated: January 21, 2005

-4-

## Certification of Consultation

        Pursuant to Local Rule 7.1, I, the undersigned counsel for defendants Greenberg Traurig, LLP. and A. John Pappalardo, certify that I have conferred with plaintiff's counsel regarding this motion in good faith to resolve or narrow the issues presented by this motion.

                                  */s/ Matthew P. Garvey*
                                  Matthew P. Garvey

-5-

## CERTIFICATE OF SERVICE

      I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, January 21, 2004, the above motion to dismiss was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

                                          */s/ Matthew P. Garvey*
                                          Matthew P. Garvey