UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, | ) ) ) ) ) ) |
| Defendants | ) ) |

CIVIL ACTION No.: 04-12000 RWZ

## **DEFENDANTS GREENBERG TRAURIG, LLP'S AND A. JOHN PAPPALARDO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP") respectfully submit this memorandum of law in support of their motion to dismiss the amended complaint. All claims directed against GT and AJP fail and should be dismissed because, as a matter of law, neither AJP nor GT was a legal cause of any loss allegedly suffered by plaintiff International Strategies Group, Ltd ("ISG").

ISG filed its original complaint on September 16, 2004. Defendant Eckert Seamans Cherin and Mellott LLC ("ESCM") filed a motion to dismiss on November 12, 2004, and GT and AJP filed a motion to dismiss on November 19, 2004. ISG filed oppositions to both motions on December 23, 2004. As ESCM, GT and AJP were preparing to file their replies, ISG served them with an amended complaint on January 11, 2005. Presumably, ISG's amendments were designed to alter its allegations in a manner sufficient to survive the already-filed motions to dismiss. But nothing in the amended complaint changes the analysis that the defendants ESCM,

9631830_1.DOC

AJP and GT have already laid out in their briefs. Even assuming, for the purposes of this motion only, the truth of ISG's allegation that it was a client of GT and AJP, ISG has not alleged facts that would support a finding that either AJP or GT was the proximate cause of ISG's alleged damages.[1] Accordingly, all counts against GT and AJP—counts one, two, three, four and seven of the amended complaint—should be dismissed.

Where a client alleges that a lawyer's delay in prosecution has caused injury, "the burden is on the client to establish that delay proximately caused the injury." 4 Mallen & Smith, Legal Malpractice, The Plaitiff's Attorney—Delay in Prosecution—Errors Regarding Collectibility and Bankruptcy, § 30.20, 506 (5th Ed. 2000). As addressed by ESCM in its opening and reply briefs, and incorporated by reference by GT and AJP in their briefs, an attorney cannot be held liable for failing to file an action prior to the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action. *See* ESCM's Opening Brief at 9-14. It remains undisputed that GT and AJP ceased to represent ISG and were replaced by other counsel well before the statute of limitations ran on any claims ISG alleges to have possessed against prospective defendants. None of ISG's new allegations is sufficient to satisfy ISG's burden of establishing proximate cause.

ISG alleges that it "retained independent counsel" in late October 2001. Am. Compl. at ¶46. Like its original complaint, its amended complaint alleges no facts that would support a finding that, at this point, it did not have sufficient time to commence litigation against any prospective defendant in connection with its investment in Corporation of the Bankhouse ("COB") or that it was in any way harmed because GT or AJP had not yet commenced such litigation. To the contrary, ISG admits it was able "to avoid any statute of limitations problems with respect to COB and Pomeroy" by taking action against them on March 22, 2002. Am.

---

[1] GT and AJP reserve the defense of statute of limitations, but are not urging it at the present time.

Compl. at ¶50.  Instead, ISG now simply has added some vague and conclusory allegations, none of which sets forth factual allegations sufficient to establish proximate cause.  Without such allegations, ISG cannot survive this motion to dismiss.  *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996)("In order to survive a motion to dismiss, plaintiffs must set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery.  Although all inferences must be made in the plaintiffs' favor, this court need not accept bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like.")(Internal citations and quotations omitted.)

ISG's amended complaint contains four types of additional allegations that purportedly implicate GT or AJP.  First, ISG adds allegations that AJP had determined that "actions would lie" against various defendants in connection with COB's investment of certain monies, including funds from ISG, Am. Compl. at ¶42, but that "Pappalardo did not initiate any litigation against any party."  *Id*. at ¶43.  ISG goes on to allege that COB's in-house counsel told ISG on August 15, 2001, that COB was proceeding with the first steps of litigation, and that "ISG was alarmed at this statement because Pappalardo had earlier represented that pleadings were drafted pending Pomeroy's signature and instruction."  *Id*.  ISG alleges that "[i]nstead of filing the actions he deemed meritorious, Pappalardo led ISG to believe that it would receive restitution from [Henry] Pearlberg, a man in his 80's, with serious medical problems, and whom Pappalardo knew or should have known was not capable of making good on his promises to restore the funds he had transferred…."  *Id*. at ¶44; *see also id.* at ¶60.

All of these allegations, even if true, cannot support a finding that AJP or GT was the proximate cause of ISG's alleged injury.  In fact, they bolster the contrary conclusion.  ISG clearly knew by late October 2001 that AJP had not filed any litigation on its behalf and that ISG

had not received restitution from Pearlberg. ISG does not claim that the statute of limitations on any of its alleged claims in connection with its COB investment had run or was about to run at that time. Indeed, ISG cannot make any such allegation. The earliest any tort claim could have arisen in connection with the COB investment is likely February 5, 1999, when funds ISG had invested with COB were deposited in an account at First Merchant Bank ("FMB"). *See* Am. Compl. at ¶15. Even assuming that the statute of limitations began to run in February 1999, ISG would have had over three months with which to pursue litigation after it had hired new counsel.[2]

Second, ISG adds new allegations regarding AJP's refusal to give ISG certain materials after ISG had obtained its own counsel. ISG claims that these materials included draft pleadings. Am. Compl. at 47. Ultimately, ISG did receive all the materials it sought from AJP. *Id*. at 52. Nonetheless, ISG never identifies what documents that it ultimately obtained were crucial to its ability to file claims or what difference any documents would have made had ISG obtained them sooner. ISG does not allege how any of the documents it ultimately gained from AJP would have placed ISG in a position to recover its investment or prevented it from initiating legal action sooner had AJP not decided to withhold the information. This alleged withholding, therefore, cannot be the basis for proximate causation.

Third, ISG adds to its complaint that the defendants against whom it won a judgment in connection with the COB transfer had "dissipated all their assets or otherwise put them out of reach of ISG," alleging that such dissipation occurred "during the time that the defendants in this case were purporting to represent ISG's interests." Am. Compl. at ¶53; *see also* Am. Compl. at

---

[2] ISG did not learn of the transfer to FMB until after February 5, 1999, Am. Compl. at 18, so it is likely the statute would not have started to run until even later. Moreover, ISG does not say why it did not have contract claims against various entities, which have a six year statute of limitations. It is likely, on the facts alleged by ISG, that it did in fact have such claims.

¶58. ISG does not explain what AJP or GT should or could have done during the time either was allegedly representing ISG that would have prevented any alleged dissipation. Nor does ISG even allege that there were any assets available that could have been used to satisfy ISG's claims.  Such vague allegations, apparently designed to plead around a motion to dismiss, cannot, as a matter of law, support a finding that AJP or GT was the proximate cause of any harm ISG allegedly suffered when it could not collect its judgments.

Fourth, ISG describes litigation in New York that ISG finally filed against Abn Amro and FMB in May and June 2004.[3]  ISG alleges that it waited until it obtained rights under a deed of assignment on January 11, 2004, before taking action against Abn Amro and FMB, and that Abn Amro has raised statute of limitations and standing defenses in that action.  Am. Compl. at ¶54-55. Abn Amro's and FMB's asserted defenses are of no issue.  ISG does not allege that it had to wait for a deed of assignment against Abn Amro and FMB before taking action against either in connection with ISG's investment in COB.  ISG never explains why it did not pursue Abn Amro and FMB directly years earlier, which it certainly could have.  *See* ESCM's Reply, at 4-5.  Nor does ISG allege what AJP or GT did to prevent ISG from proceeding sooner against these entities.

Overall, ISG's amended complaint does not allege any facts upon which a court could find that AJP or GT was the proximate cause of ISG's alleged harm caused by delayed prosecution.  Accordingly, all of ISG's counts against GT and AJP, including the one new count against GT and AJP alleging misrepresentation, must fail.  To prove a claim for misrepresentation, a plaintiff has the burden of establishing that the defendant's misrepresentations were the proximate cause of harm to the plaintiff.  *See Ploy v. Mylan*, 423

---

[3] The docket for the Supreme Court of the State of New York, County of New York, reveals that ISG filed a complaint against Abn Amro on May 27, 2004, and filed a complaint against both Abn Amro and FMB on June 7, 2004.

Mass. 141, 149, 667 N.E.2d 250, 256 (1996).  All damages alleged by ISG in its claim for misrepresentation stem from the allegation that "ISG forbore from initiating action against COB" as a result of misrepresentations by the defendants.  *See* Am. Compl. at ¶60-61.  Because, as a matter of law, ISG has not alleged facts sufficient to show that GT or AJP was the proximate cause of any alleged harm caused by delayed prosecution, ISG's claim for misrepresentation must fail.

For these reasons, and for those given in their opening and reply briefs in support of their motion to dismiss the original complaint and in ESCM's opening and reply briefs in support of its motion to dismiss the original complaint and in its brief supporting its motion to dismiss the amended complaint, GT and AJP respectfully request that the Court dismiss this action and enter judgment in their favor.

            Respectfully submitted,

            GREENBERG TRAURIG, LLP AND
            A. JOHN PAPPALARDO,

            By their attorneys,


            */s/ Paul B. Galvani*
            Paul B. Galvani (BBO # 183800)
            Matthew P. Garvey (BBO # 655419)
            Ropes & Gray LLP
            One International Place
            Boston, MA 02110
            Tel.: (617) 951-7000


Dated:  January 21, 2005

-7-

## Certification of Consultation

Pursuant to Local Rule 7.1, I, the undersigned counsel for defendants Greenberg Traurig, LLP. and A. John Pappalardo, certify that I have conferred with plaintiff's counsel regarding this motion in good faith to resolve or narrow the issues presented by this motion.

/s/ Matthew P. Garvey
Matthew P. Garvey

## CERTIFICATE OF SERVICE

  I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, January 21, 2004, the above motion to dismiss was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

                     */s/ Matthew P. Garvey*
                     Matthew P. Garvey