UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL STRATEGIES GROUP, LTD.,

      Plaintiff,                       Civil Action No. 04-12000 RWZ

      v.

GREENBERG TRAURIG, LLP, A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

      Defendants.

**DEFENDANT ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Eckert Seamans Cherin & Mellott, LLC ("ESCM") moves to dismiss the
Amended Complaint of plaintiff International Strategies Group, Inc. ("ISG") pursuant to
Fed.R.Civ.P. 12(b)(6) for failure to state a claim.   Under applicable law, the claims for
negligence, misrepresentation, and violation of M.G.L. ch. 93A must be dismissed because the
alleged legal malpractice of ESCM was not the proximate cause of ISG's loss.   Additionally and
independently, the claims for negligence, misrepresentation, conversion, and aiding and abetting
are barred by the applicable statutes of limitations.

**Procedural History**

On September 15, 2004, ISG filed its Complaint.  (Docket Entry No. 1.)  A stipulation
was filed with the Court providing an extension of time in which defendants could respond to the
Complaint.   (Docket Entry No. 4.)   ESCM filed a Motion to Dismiss the Complaint and
supporting Memorandum of Law on November 12, 2004.   (Docket Entry Nos. 7, 8.)   In
accordance with a stipulation for an extension to respond requested by ISG (Docket Entry No.

1

11), ISG filed a Response in Opposition to ESCM's Motion to Dismiss on December 23, 2004. (Docket Entry No. 13.) Pursuant to the same stipulation, ESCM filed a Reply Brief in support of its Motion to Dismiss on January 11, 2005. (Docket Entry No. 16.) On the same date, ISG filed the Amended Complaint. (Docket Entry No. 19.)

### The Amended Complaint

With respect to ESCM, the Amended Complaint is substantially the same as the original Complaint but includes two new claims. Count One of the Amended Complaint asserts a claim for negligence (legal malpractice) against all defendants. Count Two of the Amended Complaint asserts a new claim for misrepresentation against all defendants.[1] Count Five of the Amended Complaint asserts a claim against ESCM for conversion.[2] Count Six of the Amended Complaint asserts a new claim against ESCM for "aiding and abetting".[3] Count Seven of the Amended Complaint asserts a claim against all defendants under M.G.L. ch. 93A. For purposes of this Motion to Dismiss, there are no other material differences as between the original Complaint and the Amended Complaint.

### ARGUMENT

ESCM has discussed applicable and controlling law in its Memorandum of Law (Docket Entry No. 8) and Reply Brief (Docket Entry No. 16) filed in support of ESCM's Motion to Dismiss the original Complaint. To avoid further and unnecessary proliferation of pleadings, ESCM respectfully incorporates its previously filed Memorandum of Law and Reply Brief in their entirety and will only summarize here the applicable legal principles showing that the

---

[1] Count Two of the original Complaint (now re-labeled as Count Three in the Amended Complaint) asserted a claim for breach of fiduciary duty against defendant A. John Pappalardo only.

[2] The conversion claim was first asserted in Count Four of the original Complaint.

[3] Count Six of the original Complaint asserted a claim under M.G.L. c. 93A against all defendants and has now been re-labeled Count Seven in the Amended Complaint.

purported causes of action against ESCM in the original Complaint and the Amended Complaint fail to state a claim as a matter of law.

**I.    Counts One, Two and Seven of the Amended Complaint should be dismissed as to ESCM because any alleged legal malpractice or other purported misconduct of Pappalardo while at ESCM was not, as a matter of law, the proximate cause of ISG's alleged damages.**

Substantial authority from many jurisdictions, including Massachusetts, establishes the controlling principle that an attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action. *See* ESCM Memorandum of Law at 8-16. Further, as discussed in ESCM's Reply Brief (pp. 1-6), ISG has conceded that (1) ISG was represented by other legal counsel after ESCM's purported legal representation of ISG ended in March 2001, and (2) timely legal action could have been commenced by ISG's successor counsel against the banks, businesses and persons responsible for the loss of ISG's Investment after ESCM's alleged representation of ISG ended. Indeed, ISG has recently disclosed that it has a pending suit against Abn Amro Bank ("Abn Amro") and First Merchant's Bank ("FMB") seeking to recover its Investment. The only potential problem alleged by ISG with respect to the pending litigation against Abn Amro and FMB is that ISG's successor counsel may have waited too long to file suit against the banks (although there would be no issue of timeliness if the suit had been filed up to a year or more after ESCM's purported legal representation of ISG terminated). The negligence and M.G.L. c. 93A claims (Counts One and Seven of the Amended Complaint) fail because any alleged malpractice or other failures by ESCM are not, as a matter of law, the proximate cause of ISG's purported loss.

For the same reason, new Count Two of the Amended Complaint, alleging a claim for misrepresentation, fails as a matter of law. At the time that ESCM's purported role as ISG's

attorney ended in March, 2001, ISG admits that it knew it had legal claims and could have timely pursued such claims against COB, Abn Amro, FMB, or any of the numerous other persons and entities involved in the loss of its Investment. As such, any alleged "misrepresentation" by Pappalardo prior to March, 2001 while he was at ESCM is not the proximate cause of ISG's loss because ISG had its causes of action, and remedies it could pursue, through successor counsel.

## II. Counts One, Two, Five and Six of the Amended Complaint should be dismissed as to ESCM because, under the facts as plead by ISG, the claims are barred by the applicable statutes of limitations.

Count One of the Amended Complaint for negligence and Count Five for conversion are subject to three year statutes of limitations. M.G.L. ch. 260, § 4; M.G.L. ch. 260, § 2A. As discussed in ESCM's Reply Brief (pp. 6-11), ISG relies only on the doctrine of "continuous representation" to attempt to toll the statute of limitations on these claims which, in the absence of such tolling, are admittedly time-barred. ESCM has cited controlling law showing that ISG's attempt to rely on the doctrine of "continuous representation" must be rejected. The Massachusetts Supreme Court has held that the continuous representation doctrine "has no application" where the client has knowledge he suffered "appreciable harm as a result of his attorney's conduct." *Lyons v. Nutt*, 436 Mass. 244, 763 N.E.2d 1065 (2002).

**Count One:** As to Count One, ISG admits that it knew by March, 2001 that no legal action had been commenced to recover its Investment. ISG alleges that the failure to commence such litigation constituted at least some of is harm. *See, e.g.,* Amended Complaint ¶ 57 and 58, alleging that ESCM and other defendants violated a duty of care and harmed ISG by failing to immediately file a legal action after the loss or theft of the Investment by third parties became known. Thus, under Massachusetts law the doctrine of continuing representation has no

4

application in this case.[4] *Lyons, supra. See* ESCM Reply Brief at 10-11. Furthermore, ESCM has also explained that, in any event, the continuing representation doctrine could not be applied to ESCM in this case because the facts as plead and admitted by ISG show that ESCM never represented ISG after Pappalardo's withdrawal in March, 2001. The doctrine of continuous representation, which can apply in some limited circumstances (but not where client is aware he suffered some harm), is not applied where the alleged "continuing representation" on the former client's matter was not by the defendant law firm but rather by an attorney at a different law firm. *See* ESCM Reply Brief at 6-10

**Count Five:** With respect to the claim in Count Five for conversion, ISG admitted in its original Complaint, in its opposition to ESCM's Motion to Dismiss, and in the Affidavit of Philip Clark submitted with ISG's opposition, that by July, 2000 ISG was aware of the facts giving rise to its conversion claim against ESCM. *See* ESCM Reply Brief at 11-12. Thus, any claim for conversion against ESCM had to be filed by July, 2003. The deemed filing date of the present case was not until June 24, 2004, nearly a year late. And for the reasons discussed above and in ESCM's Reply Brief, ISG cannot rely on the "continuing representation" doctrine to avoid the consequences of its delay in filing suit because ISG was aware it had suffered appreciable harm from the alleged conversion.

We now turn to the two "new" claims asserted in the Amended Complaint.

**Count Two:** As to new Count Two for "misrepresentation", each of the alleged acts of Pappalardo while at ESCM constituting the supposed misrepresentations arise from his purported

---

[4] It does not matter that ISG might be claiming additional harm or misconduct here. In a legal malpractice action, "[t]he plaintiff need not know the extent of his injury or know that the defendant was negligent for the cause of action to accrue." *Williams v. Ely*, 423 Mass. 467, 473, 668 N.E.2d 799 (1996). "Thus, [plaintiffs] need not suffer actual harm before the action accrues, but merely be on notice that they are in harm's way." *Infantino v. Murphy*, 14 Mass. L. Rep. 681, 2002 Mass. Super LEXIS 203 (Mass. Sup. 2002); *Cantu v. St. Paul Cos.*, 401 Mass. 53, 57, 514 N.E.2d 666 (1987) (finding legal malpractice action accrued when doctor first learned his attorneys failed to notify his excess insurance carrier of a potential claim, not at a later date when he replaced his attorneys).

role as the attorney for ISG with respect to recovery of the Investment. *See, e.g.,* Amended Complaint ¶ 59, misrepresentations that defendants were "capable of representing ISG", "preparing a case for civil fraud against US based parties, " and "that Pearlberg was able to make restitution." Since all "actions of contract **or tort against attorneys**" must be filed within three years, for the reasons stated above this cause of action is also barred by M.G.L. ch. 260, § 4.

We also observe that before filing this suit against ESCM, ISG commenced an action in this Court (04CV-10863-RWZ) against Steven Heffernan, one of the principals of COB. In that action, ISG asserted claims for negligent misrepresentation, intentional misrepresentation, and fraud. The same allegations that are made in the action against ESCM here were made in the earlier action against Heffernan. For example, in its earlier suit ISG claimed Heffernan was liable for fraud and misrepresentation in allegedly misrepresenting that ISG's Investment would be recovered from others and repaid to ISG, by "using the power of attorney to stall ISG's own recovery efforts", by allowing COB to funnel "assets to another corporate entity and then using them for the benefit of COB but not ISG" and "otherwise making misrepresentations to ISG including that he would respond expeditiously to ISG's inquiries." *See ISG v. Heffernan* Complaint ¶ 63, 69, 75.

This Court held that ISG's claims against Heffernan were barred by the three year statute of limitations. It concluded, among other things, that while "ISG contends that Heffernan's failure to tell it 'the true state of affairs, time and time again, prevented the statute of limitations clock from running' . . . ISG already knew the 'true state of affairs,' namely, that its funds had been depleted." *See* July 30, 2004 Memorandum of Decision and Order in 04CV-10863-RWZ. Thus, as the Court concluded in the *ISG v. Heffernan* suit, ISG had sufficient knowledge such that a suit based on misrepresentation and fraud was time-barred when filed on April 30, 2004.

The subsequent action against ESCM, deemed filed on June 24, 2004, and alleging the same misconduct should also be held time-barred.

      **Count Six:**  Count Six of the Amended Complaint is apparently plead as a belt and suspenders to the conversion claim in Count Five. ISG alleges in Count Five that ESCM is liable under the theory of conversion because ESCM "received funds misappropriated from ISG by COB and Pomeroy, allowed them to be deposited in the law firm's bank account in Pittsburgh, PA and, upon information and belief, disbursed those funds to other investors". *See* Amended Complaint ¶ 70. ISG alleges in Count Six that COB and Pomeroy breached fiduciary duties to ISG by transferring ISG's funds in contravention to an agreement between ISG and COB, and that "by disbursing funds on its clients' behalf", ESCM "substantially assisted COB and Pomeroy". *See* Amended Complaint ¶ 75.

      It is accepted that the statute of limitations for an "aiding and abetting" claim is the same as the underlying claim. *See, e.g., Meridien International Bank Ltd. v. Republic of Liberia*, 23 F.Supp.2d 439, 453 (S.D.N.Y. 1998) ("Where the primary violation is barred by the applicable statute of limitations, a claim for aiding and abetting this primary violation fails to state a claim."); *Geren v. Quantum Chemical Corp.*, 832 F.Supp. 728, 737-38 (S.D.N.Y. 1993) (same). As discussed above and in ESCM's prior memoranda, the statute of limitations for conversion is three years, ISG has admitted that it was aware of the transfer and alleged conversion of the $821,500 at least by July, 2000, its claim for conversion accrued at least by July, 2000, and because suit was not filed until almost <u>four years</u> after its conversion claim accrued that claim is barred by the statute of limitations. The "aiding and abetting" claim in Count Six is likewise time-barred.

## CONCLUSION

For the reasons set forth herein and in ESCM's previously filed memoranda supporting its motion to dismiss the original Complaint, ESCM requests that the Court dismiss all claims in the Amended Complaint directed to ESCM.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: *Devorah A. Levine (ARM)*

Devorah A. Levine (BBO #650813)
One International Place, 18th Floor
Boston, MA  02110-2602
617-342-6800
Attorneys for Defendant
Eckert Seamans Cherin & Mellott, LLC

Of Counsel:
William B. Mallin, General Counsel
Timothy S. Coon
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
412-566-6000

Dated: January 21, 2005

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT ECKERT SEAMANS CHERIN & MELLOTT, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT** was served upon the following counsel of record by United States mail, postage prepaid, this 21st day of January, 2005.

Jessica Block
Block & Roos, LLP
60 State Street
Suite 3800
Boston, MA 02109

Counsel for plaintiff

Paul B. Galvani
Ropes & Gray LLP
One International Place
Boston, MA 02110

Counsel for defendants Greenberg
Traurig, LLP and A. John Pappalardo

*Devorah Levine (ARM)*
Devorah Levine

9