UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25  P 1:54

U.S. DISTRICT COURT
DISTRICT OF MASS.

INTERNATIONAL STRATEGIES GROUP, LTD.

Plaintiff,

v.

CIVIL ACTION NO.
04-12000 RWZ

GREENBERG TRAURIG, LLP, A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

Defendants.

**OPPOSITION OF INTERNATIONAL STRATEGIES GROUP, LTD. TO THE MOTION TO STRIKE AFFIDAVIT OF PHILIP G. CLARK**

International Strategies Group, Ltd. ("ISG") submits this opposition to the Motion to Strike the Affidavit of Philip G. Clark filed by defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP"). Mr. Clark's affidavit ('the Clark Affidavit") was previously filed with this Court by ISG in connection with ISG's oppositions to (1) the motion to dismiss of GT and AJP and (2) the separate motion to dismiss filed by defendant Eckert, Seamans, Cherin and Mellott, LLC (ESCM).

In their motions to dismiss, ESCM, GT and AJP all argue that ISG cannot bring claims for malpractice or any of its other claims because, they contend, there was still time remaining for ISG to file claims against third parties after defendants ceased to represent ISG. As fully described in its oppositions to the motions of ESCM and GT and AJP, ISG believes that the allegations of the complaint must be construed to aver that ISG did not have sufficient time to file the claims defendants now assert were available within applicable limitations period and, further, that ISG has suffered other legally

cognizable damages (independent of any statute of limitations issues) from the delay caused by defendants during the 26 month period they purported to represent ISG's interests. However, in an exercise of caution, ISG filed the Clark Affidavit (i) to elucidate with more specificity, beyond the notice pleading requirements of a complaint[1], how the defendants' conduct caused it statute of limitations issues, particularly in respect to actions ISG filed against Abn Amro Bank and First Merchants Bank and, further (ii) to bring to light a conversation between Mr. Clark and AJP that has the effect of tolling the statute of limitations on ISG's claims against ESCM for conversion of $821,500 of ISG's money.

An explanatory affidavit augmenting the allegations pled in the complaint is appropriate under the circumstances. See, e. g. Estate of Debra Davis v. The United States of America, 340 F. Supp. 79, 82-3 (D. Mass. 2004), citing Valentin v. Hospital Bella Vista, 254 F. 3d 358, 363 (1st Cir. 2001) (Court is "obligated to credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometime augmented by an explanatory affidavit or other repository of uncontested facts"). The Court generally has power, under Fed.R.Civ. P. 43 (e), to consider an affidavit relevant to a motion based upon facts not in the record. Valentin v. Hospital Bella Vista, 254 F. 3d at 363. See also Bessette v. Avco Financial Services, Inc. et al, 230 F. 3d 439, 443 n. 5 (1st Cir. 2000)(denying defendant-appellee's motion to strike the appellant's affidavit where the affidavit "was properly before the district court because it was attached to the appellant's opposition to the motion to dismiss" and related to

---

[1] A civil complaint, "for the most part . . . need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Rodi v. Southern New England School of Law et al, 389 F. 3d 5, 15 (1st Cir. 2004), quoting Fed.R.Civ.P. 8(a)(2). "For that reason, 'great specificity is ordinarily not

allegations of one of the counts.); Rodi v. Southern New England School of Law, 389 F. 3d 5 (1st Cir. 2004) (considering five affidavits in opposition to a motion to dismiss on the grounds, *inter alia*, that the claim was time-barred). Given the premise of defendants' motions and their hypotheses that ISG had time to file all of claims against third parties (hypotheses contradicted by the allegations of the complaint), it was entirely appropriate to file an affidavit demonstrating how, in reality, defendants were incorrect as evidenced, for example, by the proceedings involving Abn Amro Bank and First Merchant's Bank. The affidavit further was appropriate to demonstrate how AJP purported to give ISG legal advice as to ESCM's conduct such that any claims against ESCM directly should be tolled and not accrue until the date ISG retained new counsel.

In any event, the Motion to Strike has been mooted by the Amended Complaint, which incorporates the averments of the affidavit.

---

required to survive a Rule 12 (b)(6) motion." Id., quoting Garita Hotel, Ltd P'ship v. Ponce Fed. Bank, F. S. B., 958 F. 2d 15, 17 (1st Cir. 1992).

## CONCLUSION.

For all of the foregoing reasons, the motion to strike the affidavit of Philip G. Clark should be denied.

                            INVESTMENT STRATEGIES
                            GROUP, LTD

                            By its attorneys,

                            /s/ Jessica Block
                            Jessica Block
                            BBO#046110
                            Block & Roos, LLP
                            60 State Street, Suite 3800
                            Boston, Massachusetts 02109
January 25, 2005                (617) 223-1900

     I, Jessica Block, Esquire, counsel for the plaintiff, do hereby certify that the within pleading was served by causing copies to be sent, by first class mail, to counsel of record to the other parties 25th day of January, 2005.

                            /s/ Jessica Block
                            Jessica Block