UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12000-RWZ

INTERNATIONAL STRATEGIES GROUP, LTD.

v.

GREENBERG TRAURIG, LLP, A. JOHN PAPPALARDO, AND ECKERT SEAMANS CHERIN AND MAILED, LLC

MEMORANDUM OF DECISION

March 29, 2005

ZOBEL, D.J.

In April 1998, plaintiff International Strategies Group, Limited ("ISG"), invested four million dollars with Corporation of the BankHouse, Inc. ("COB"), which also operated as Societe BankHouse and was controlled by James Pomeroy ("Pomeroy"). COB apparently represented that the money would remain in ISG's own account and would be subject to a bank guarantee of non-depletion. After the funds were deposited, COB directed a series of transfers and depleted the account. ISG alleges that COB then lied by stating that the funds had increased and in October 1998, COB and Stephen Heffernan, chief financial officer and treasurer of COB, proposed that ISG accept a nine million dollar promissory note in lieu of collecting the original principal or profit. ISG did so and further agreed to allow the purportedly larger investment amount to be transferred to an entity named Swan Trust for investment. From there, the funds disappeared into other accounts. Ultimately, ISG lost its entire investment and

received no profit.  Based on these series of events, it filed two lawsuits: (1) on March 22, 2002, an eight count Complaint in this Court against COB, Societe BankHouse, and James Pomeroy, individually and as trustee of Swan Trust; and (2) on April 30, 2004, a twelve count Complaint in this Court against Heffernan.  ISG eventually obtained judgment in the first lawsuit in the amount of $10,468,106.  However, the funds appear to be gone and ISG could not collect.  The second suit was dismissed as time barred.

ISG now brings a third suit against John Pappalardo, an attorney who initially was affiliated with Eckert Seamans Cherin and MAILED, LLC ("ESCM"), and then moved to Greenberg Traurig, LLP ("Greenberg"), and who represented Pomeroy.  Plaintiff alleges that in early August 1999, Pappalardo told Philip Clark, an ISG director, that COB and Pomeroy were victims of a fraud that caused the loss of ISG's funds, and he urged ISG to cooperate with the joint recovery efforts.  On October 22, 1999, Pappalardo wrote to Chris Barber, another ISG director, and assured him that he was acting to protect ISG's interests including filing a civil suit on behalf of COB alleging fraud by unspecified persons.  On July 11, 2000, ISG gave Pappalardo Power of Attorney, drafted by ESCM, authorizing him to act on behalf of ISG in recovering the funds.  The Complaint then details a series of misrepresentations by Pappalardo, which had the effect of causing plaintiff not to independently pursue steps to recover its funds.  Eventually, ISG retained independent counsel to recover its investment, which attempts were unsuccessful as noted above.

ISG's Amended Complaint against Greenberg, Pappalardo, and ESCM asserts the following counts: (1) negligence against all defendants, (2) misrepresentation

against all defendants, (3) breach of fiduciary duty against Pappalardo only, (4) breach of express and implied contract against Pappalardo only, (5) conversion against ESCM only, (6) aiding and abetting fraud and breach of fiduciary duty against ESCM only, and (7) violation of Chapter 93A against all defendants.  All three defendants move to dismiss the Amended Complaint.

ISG's claims flow from its alleged attorney-client relationship with defendants, which in turn is alleged to derive from a Power of Attorney, a copy of which the Court has yet to see.  Although the determination of such relationship is generally a question of fact, in this case, it appears to be a mixed question of law and fact governed by the scope of the Power of Attorney and the parties' understanding.  See Interstate Commerce Commission v. Holmes Transportation, Inc., 983 F.2d 1122, 1128 (1st Cir. 1993) ("the determination of an attorney-client relationship is a question of fact, or at most, a mixed question of law and fact. . . .").  Because the record is insufficiently developed, defendants' motions to dismiss are denied without prejudice.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |