UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL STRATEGIES GROUP, LTD.,

    Plaintiff,                                    Civil Action No. 04-12000 RWZ

    v.

GREENBERG TRAURIG, LLP, A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

    Defendants.

## ECKERT SEAMANS' ANSWER

Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans"), by its undersigned counsel, answers the Amended Complaint herein as follows.

### First Defense

### Preliminary Statement

Eckert Seamans does not have direct knowledge with respect to many of the alleged facts and events purportedly described in the Amended Complaint. Eckert Seamans' files relating to legal services provided to its former client Corporation of Bankhouse ("COB") were transferred to Greenberg Taurig, LLP after attorney John Pappalardo withdrew from Eckert Seamans on March 9, 2001 and joined that law firm. Eckert Seamans presently lacks access to files and other materials which are believed to contain information relevant to many of the allegations of the Amended Complaint. Eckert Seamans has no files relating to representing Plaintiff because it never represented Plaintiff. Plaintiff has recently provided a small number of documents to Eckert Seamans, which Plaintiff has stated are only a portion of the documents in plaintiff's

possession that allegedly relate to the facts and issues in this action. To the extent documents provided by plaintiff purport to contain or relate to facts concerning the allegations made in the Amended Complaint (including by way of example an allegation that a certain written communication occurred between an Eckert Seamans attorney and plaintiff's representatives), Eckert Seamans has responded to such allegations based on "information and belief" derived from its review of such documents. Eckert Seamans has not had the ability at this point to investigate the authenticity, accuracy and/or completeness of the documents provided by plaintiff and the information they contain, nor to obtain additional information relating to the allegations in the Amended Complaint. As such, Eckert Seamans reserves the right to amend its Answer after further discovery. Eckert Seamans incorporates this Preliminary Statement and reservation of rights in each of its responses below to the specific paragraphs of the Amended Complaint.

1. Eckert Seamans admits that this action purports to state claims on the theories alleged in paragraph 1 against some or all of the defendants, but Eckert Seamans denies that plaintiff has stated or can state a valid cause of action against Eckert Seamans.

2. Eckert Seamans admits that there is complete diversity of citizenship between plaintiff and defendants and that plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

3. Eckert Seamans admits that venue is proper in this district.

4. On information and belief, paragraph 4 is admitted.

5. On information and belief, the first two sentences of paragraph 5 are admitted. The last sentence is denied as stated. From March 31, 1999 through March 9, 2001, Pappalardo was a member of Eckert Seamans. Prior to March 31, 1999, Pappalardo was associated with Eckert Seamans as special counsel. Pappalardo withdrew from Eckert Seamans on March 9, 2001.

6. On information and belief, paragraph 6 is admitted.

7. Paragraph 7 is denied, except that it is admitted that Eckert Seamans is a Pennsylvania limited liability company with its principal place of business in Pittsburgh, Pennsylvania and it maintains additional offices in Boston at One International Place and other locations.

8. Eckert Seamans admits that prior to March 9, 2001, attorneys at Eckert Seamans performed legal services for COB and that COB's place of business was 50 Rowes Wharf, Boston, Massachusetts but it denies that it represented COB afterwards. On information and belief, Eckert Seamans denies that it represented Pomeroy or Stephen C. Heffernan but Eckert Seamans assumes that in the course of its representation of COB before March 9, 2001 it dealt with Pomeroy and Stephen C. Heffernan as representatives of COB. Eckert Seamans denies that it represented SBG. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8.

9. On information and belief, Eckert Seamans states that it understands that sometime in 1998, COB and ISG entered into an agreement whereby COB agreed to invest funds on behalf of ISG. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 9.

10. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10.

11. Eckert Seamans admits only that on May 29, 1998, COB caused a wire transfer in the amount of $821,500 to a Mellon Bank attorney escrow account maintained by Eckert Seamans and that, at the specific direction of COB, Eckert Seamans transferred the entirety of said amount

to various persons and entities. Eckert Seamans did not retain any portion of the transferred funds. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11.

12. On information and belief, Eckert Seamans states that it understands that prior to November 4, 1998, PRCS Ltd. and Danstrup Holding A/S, an entity associated with St. Frederickslund Holding A/S, provided funds to COB for investment purposes, and that COB transferred certain of the investment funds received from ISG, PRCS and Frederickslund to an entity called the Swan Trust, of which a Henry Pearlberg was a trustee. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 12.

13. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14. On information and belief, Eckert Seamans states that it understands that on or about February 5, 1999, Pearlberg caused a portion of the funds invested by COB with the Swan Trust to be transferred to one or more accounts of the First National Bank in the Turkish Republic of Cyprus ("FMB") and that the FMB accounts were allegedly controlled for or by C. Joan Patrick and/or the May Davis Group. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 14.

15. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16.

17. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17.

18. Eckert Seamans admits that Stephen Burr represented COB from time to time during his association with Eckert Seamans. Burr's association with Eckert Seamans ceased on July 30, 1999 when Burr withdrew from Eckert Seamans. On information and belief, Eckert Seamans states that it understands that Burr continued to represent COB after he joined Greenberg Taurig. On information and belief, Eckert Seamans states that it understands that at some point in time in or prior to August, 1999, Pappalardo communicated with Pomeroy and/or other representatives of COB in connection with an investigation of the depletion or dissipation by third parties of the funds transferred by Pearlberg from the Swan Trust to FMB and Abn Ambro Bank, which were transferred without COB's knowledge or consent. Eckert Seamans states that its understanding set forth in the preceding sentence is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 18.

19. On information and belief, Eckert Seamans states that it understands that Burr sent an August 12, 1999 letter on behalf of COB to Swan Trust and May Davis. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a writing that

speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 19.

20. On information and belief, Eckert Seamans states that it understands that in or about August, 1999, Pappalardo communicated and met with Philip Clark, a representative of ISG, concerning the investigation being done by COB to identify potentially responsible parties and recover the funds that had been depleted from the FMB and Abn Amro accounts by third parties. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 20.

21. On information and belief, Eckert Seamans states that it understands that Pappalardo sent an August 20, 1999 letter to Clark. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. In further response, Eckert Seamans states that the August 20, 1999 letter informed ISG that, along with others, Pappalardo was legal counsel for COB.

22. On information and belief, Eckert Seamans states that it understands that Burr sent an August 23, 1999 letter to Pomeroy at COB. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on

Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading.

23. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. On information and belief, Eckert Seamans states that it understands that Pappalardo sent an October 22, 1999 letter to Barber of ISG. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. In further response, Eckert Seamans states that the October 22, 1999 letter expressly states that Pappalardo was writing to Barber at the request of COB to inform ISG of the steps COB was taking to attempt to recover the depleted funds for its investors, including ISG. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 26.

27. On information and belief, Eckert Seamans states that it understands that, from time to time, Pappalardo communicated with ISG concerning COB's ongoing investigation of the depletion of the FMB and Abn Amro accounts, as stated above. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is

not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 27.

28. On information and belief, Eckert Seamans states that it understands that Pappalardo sent a May 9, 2000 letter to ISG. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading.

29. On information and belief, Eckert Seamans states that it understands that on June 1, 2000, Pappalardo faxed a document to ISG referred to as a draft action plan which had been prepared by a third party engaged by COB to assist in the attempt to recover the depleted funds. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The fax is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. To the extent this paragraph purports to allege that Eckert Seamans and/or Pappalardo were engaged by or acted as legal counsel to ISG, such allegation is denied. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 29.

30. On information and belief, Eckert Seamans states that it understands that Pappalardo sent a June 22, 2000 letter to Clark. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert

Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 30.

31. On information and belief, Eckert Seamans states that it understands that on July 10, 2000, draft powers of attorney prepared by Eckert Seamans were sent by or at the direction of Pappalardo to ISG, Den Strupland (St. Fredrickslund) and PRCS for review and comment and that on July 11, 2002, ISG provided a signed copy of the power of attorney to Pappalardo. The exclusive and limited purpose of the power of attorney was to provide authority to Pappalardo to act as an escrow agent to oversee and direct the distribution of any funds that may be recovered, if any, with respect to the Swan Trust investigation, as between ISG, Den Strupland (St. Fredrickslund) and PRCS, and T&TT, the collection recovery consultant engaged by COB. On information and belief, Eckert Seamans states that it understands that Barber sent a July 11, 2000 letter to Pappalardo. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading. To the extent this paragraph purports to allege that Eckert Seamans and/or Pappalardo were engaged by or acted as legal counsel to ISG, such allegation is denied. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 31.

32. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32.

33. To the extent this paragraph purports to allege that Eckert Seamans and/or Pappalardo were engaged by or acted as legal counsel to ISG, such allegation is denied. Eckert

Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 33.

34. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34.

35. To the extent this paragraph purports to allege that Eckert Seamans and/or Pappalardo were engaged by or acted as legal counsel to ISG, such allegation is denied. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 35.

36. Eckert Seamans admits that on or about December 22, 2000, COB made a payment of $100,000 to Eckert Seamans for legal services provided to COB. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 36.

37. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37.

38. On information and belief, Eckert Seamans states that it understands that in or about December 2000, Pappalardo had one or more meetings with a representative of FMB, in the continuing investigation and effort in his representation of COB to recover the depleted funds. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 38.

39. On information and belief, Eckert Seamans states that it understands that Pappalardo sent a February 22, 2001 letter to ISG. Eckert Seamans states that its understanding is based on

information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letter is a written document that speaks for itself. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such document as incomplete, inaccurate and/or misleading.

40. Eckert Seamans admits that Pappalardo withdrew from Eckert Seamans on March 9, 2001 and that he informed ISG of his withdrawal from Eckert Seamans and his joining the Greenberg Taurig firm in an e-mail dated March 11, 2001.

41. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41. In further response, Eckert Seamans states that Eckert Seamans is not and cannot be liable to ISG or any other person or entity for any purported action or omission of Pappalardo after his withdrawal from Eckert Seamans.

42. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42.

43. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43.

44. On information and belief, Eckert Seamans states that it understands that Pappalardo and COB communicated with ISG following Pappalardo's withdrawal from Eckert Seamans, including May 29, 2001, August 27, 2001 and October 2, 2001 letters to ISG. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. The letters are written documents that speak for themselves. Eckert Seamans denies ISG's attempt to characterize or summarize the nature or meaning of such documents as incomplete, inaccurate and/or

misleading. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 44.

45. On information and belief, Eckert Seamans states that it understands that at least by August 15, 2001, and believed to be much earlier, ISG had become dissatisfied with the progress and other aspects of the investigation being performed by Pappalardo and informed him of that position in a August 15, 2001 letter. Eckert Seamans understands that, at time unknown to Eckert Seamans, ISG retained legal counsel in the United States to recover its investment with COB. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information as to when ISG consulted with or retained counsel, outside or in-house, to advise it about its rights, claims or responsibilities concerning the depletion of its investment. ISG knew, or should have known, that Eckert Seamans was not acting as its counsel and that Pappalardo was not acting as its counsel while associated with Eckert Seamans.

46. On information and belief, Eckert Seamans states that it understands that ISG's legal counsel requested documents from Pappalardo. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 46.

47. On information and belief, Eckert Seamans states that it understands that there were communications between Pappalardo and ISG in March, 2002 concerning the possibility of litigation to recover the depleted funds. Eckert Seamans states that its understanding is based on information and documents recently provided by ISG's counsel and is not based on Eckert

Seamans' personal knowledge. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 47.

48.    Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48.

49. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49, except that it admits that ISG filed the litigation identified in paragraph 49.

50. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50, except that Eckert Seamans admits that ISG obtained documents from Pappalardo in the COB litigation over Pappalardo's objection after an Opinion by the Court which contains the language quoted in paragraph 50 but Eckert Seamans refers to the entire Opinion of the Court for the Court's ruling. By way of further answer, Eckert Seamans alleges that it was not notified of and did not participate in any way with respect to ISG's effort to obtain privileged documents from Pappalardo. Eckert Seamans remains free to assert the attorney client privilege and attorney work product privilege in this litigation with respect to the privileged documents produced.

51. Paragraph 51 is denied.

52.    To the extent this paragraph purports to allege that Eckert Seamans and/or Pappalardo were engaged by or acted as legal counsel to ISG, such allegation is denied. On information and belief, Eckert Seamans states that it understands that ISG obtained a default judgment against COB on or about April 26, 2004 in the amount of $10,468,106 and that the court entered certain findings of fact. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 52.

53.    Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53.

54.    Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54, except that Eckert Seamans admits that ISG filed actions against Abn Amro and FMB in New York.

**Count One**

**Negligence – Against All Defendants**

55.  Eckert Seamans incorporates its responses in paragraphs 1 through 54 above as though fully set forth herein.

56.  Paragraph 56 is denied.

57.  Paragraph 57 is denied.

58.  Paragraph 58 is denied.

**Count Two**

**Misrepresentation – Against All Defendants**

58.    *[sic] [incorrectly numbered in the Amended Complaint]*    Eckert Seamans incorporates its responses in paragraphs 1 through 58 above as though fully set forth herein.

59.  Paragraph 59 is denied.

60.  Paragraph 60 is denied.

**Count Three**

**Breach of Fiduciary Duty – Against Pappalardo**

61.  Eckert Seamans incorporates its responses in paragraphs 1 through 60 above as though fully set forth herein.

62. Count Three is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 62 is denied.

63. Count Three is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 63 is denied.

64. Count Three is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 64 is denied.

**Count Four**

**Breach of Express and Implied Contract – Against Pappalardo**

65. Eckert Seamans incorporates its responses in paragraphs 1 through 64 above as though fully set forth herein.

66. Count Four is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 66 is denied.

67. Count Four is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 67 is denied. .

68. Count Four is directed to Defendant Pappalardo and not Eckert Seamans so no answer is required but if an answer is required, Paragraph 68 is denied.

**Count Five**

**Conversion – Against Eckert Seamans**

69. Eckert Seamans incorporates its responses in paragraphs 1 through 68 above as though fully set forth herein.

70. Paragraph 70 is denied except it is admitted that Eckert Seamans is not in the business of the transfer or exchange of securities other than as associated with, connected to or related to the practice of law.

{K0301011.1}                                    15

71. Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 71, except it denies that it represented ISG and denies that Pappalardo represented ISG while Pappalardo was associated with Eckert Seamans.

72. Paragraph 72 is denied.

73.    Paragraph 73 is denied.

## Count Six

### Aiding and Abetting Fraud and Breach of Fiduciary Duty – Against Eckert Seamans

74. Eckert Seamans incorporates its responses in paragraphs 1 through 73 above as though fully set forth herein.

75.    Paragraph 75 is denied except that Eckert Seamans is without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence in paragraph 75.

76. Paragraph 76 is denied.

## Count Seven

### Violation of M.G.L. 93A – Against All Defendants

77. Eckert Seamans incorporates each of its responses in paragraphs 1 through 76 above as though fully set forth herein.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

**Second Defense**

82. The Amended Complaint fails to state a claim against Eckert Seamans and against Pappalardo during his association with Eckert Seamans for which relief can be granted.

**Third Defense**

83. ISG did not engage Eckert Seamans or Pappalardo (when associated with Eckert Seamans) as its legal counsel. Eckert Seamans and Pappalardo did not agree to provide and did not provide legal services for ISG. There was no agreement between ISG and Eckert Seamans. There were no billings for legal services from Eckert Seamans to ISG or payments from ISG to Eckert Seamans for legal services. ISG did not rely upon Eckert Seamans or Pappalardo while he was with Eckert Seamans as its counsel or, alternatively, did not reasonably or justifiably so rely. ISG understood or should have understood that it was working and communicating with Pappalardo while at Eckert Seamans in his capacity as counsel for COB as part of ISG and COB's cooperative efforts to recover the depleted investment. At no time during Pappalardo's association with Eckert Seamans did ISG authorize or direct that Eckert Seamans and/or Pappalardo commence a suit on its behalf, alone or with others, against any persons and entities who engaged in, participated in, and/or were legally responsible for the depletion of the funds provided by ISG to COB for investment.

84. Eckert Seamans and Pappalardo's responsibility under the power of attorney referred to in the Amended Complaint (see paragraph 31) was solely and exclusively limited to safekeeping any funds recovered in settlement and deposited in escrow and distributing those funds appropriately and did not make Pappalardo or Eckert Seamans ISG's counsel. Since no funds were deposited pursuant to the power of attorney, there was no reason or need to handle the funds and the duty to handle the funds deposited pursuant to the power of attorney did not

arise and in any event was not breached. ISG did not believe, or alternatively could not have reasonably or justifiably believed, that such limited power of attorney which never became operable created an attorney client relationship between ISG and Pappalardo with respect to recovery of the depleted investment from third parties, especially since ISG knew that Pappalardo was counsel for COB. Paragraph 31 hereof is incorporated herein by reference.

## Fourth Defense

85. ISG's claims against Eckert Seamans and against Pappalardo during his association with Eckert Seamans are barred by the applicable statutes of limitations.

## Fifth Defense

86. At the time of Pappalardo's withdrawal from Eckert Seamans, ISG had actual knowledge and/or should have known that ISG had causes of action against the persons and entities who engaged in, participated in, and/or were legally responsible for the depletion of the funds provided by ISG to COB for investment, including but not limited to Pearlberg, Patrick, May Davis Group, FMB, and Abn Amro Bank. Such causes of action were not barred by any applicable statute of limitations and remained viable causes of action for months and years following Pappalardo's withdrawal from Eckert Seamans. On information and belief, ISG may still have viable causes of action against all or some such persons and entities and has commenced suits against others to seek recovery of its alleged losses.

87. No conduct of Eckert Seamans or Pappalardo during his association with Eckert Seamans proximately caused any injury or damage to ISG.

## Sixth Defense

88. ISG failed to take appropriate and reasonable steps to protect its interests and any alleged injury or damage to ISG was caused by its own negligent conduct. Eckert Seamans

pleads the defense of contributory and/or comparative negligence of ISG as a complete bar and/or partial set off to any damages sought from Eckert Seamans in the Amended Complaint.

### Seventh Defense

89. ISG failed to mitigate its damages.

### Eighth Defense

90. ISG's claims are barred by the doctrines of equitable estoppel, judicial estoppel, waiver and/or laches. ISG was fully aware of the plans and efforts to recover the depleted investment by methods other than litigation and ISG consented to that approach.

### Ninth Defense

91. ISG's final judgment against COB, James Pomeroy and SB Global, Inc. constitutes a final, valid legal recovery by ISG of all its alleged damages sustained as a result of the depletion of funds provided to COB. ISG's claims against Eckert Seamans and Pappalardo are barred by the doctrines of election of remedies, satisfaction, and/or waiver. Paragraph 90 hereof is incorporated herein by reference.

### Tenth Defense

92. Paragraphs 83 and 84 hereof are incorporated herein by reference. In the alternative, if ISG believed that Pappalardo was its counsel while Pappalardo was associated with Eckert Seamans, which is denied, that purported belief was unreasonable and unjustified, and any alleged conflict of interest resulting from that alleged perceived representation was obvious, apparent and manifest which ISG understood or should have understood. Further, any such alleged purported belief is not binding on Eckert Seamans, nor could it create an attorney client relationship between ISG and Eckert Seamans. ISG did not notify Eckert Seamans that there

were any problems with the alleged perceived representation of ISG by Pappalardo who was representing COB as ISG knew so that Eckert Seamans could remedy any alleged problem.

### Eleventh Defense

93.    With respect to Count Seven of the Amended Complaint, the transactions and occurrences complained of did not occur primarily or substantially in the Commonwealth of Massachusetts.  In addition, Eckert Seamans and Pappalardo while he was with Eckert Seamans did not act unfairly, deceptively, knowingly or willfully as those terms are used in M.G.L. 93A.

WHEREFORE Defendant Eckert Seamans Cherin & Mellott, LLC prays for entry of judgment in its favor and against Plaintiff and awarding to Defendant Eckert Seamans the costs and expenses of this action including attorneys fees.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _Devran Levine_

Devorah A. Levine (BBO #650813)
One International Place, 18th Floor
Boston, MA  02110-2602
Telephone:  617-342-6800
Fax:  617-342-6899
Email address:  dlevine@eckertseamans.com
Attorneys for Defendant
Eckert Seamans Cherin & Mellott, LLC

Dated April 12, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 4/12/05
_Devran Levine_
EFile

{K0301011.1}                                                    20