UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

INTERNATIONAL STRATEGIES GROUP, )
LTD., )
 )
        Plaintiff, )
 )
v. )
 )
GREENBERG TRAURIG, LLP., A. JOHN )   CIVIL ACTION No.: 04-12000 RWZ
PAPPALARDO, AND ECKERT, SEAMANS, )
CHERIN AND MELLOTT, LLC, )
 )
        Defendants )
 )

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
## GREENBERG TRAURIG, LLP AND A. JOHN PAPPALARDO

Defendants Greenberg Traurig, LLP ("GT") and A. John Pappalardo ("AJP") hereby move for Summary Judgment pursuant to Fed. R. Civ. P. 56. In support of their motion, GT and AJP rely upon the Joint Statement of Material Facts pursuant to Local Rule 56.1, the Declarations of AJP, the Transmittal Affidavit of Matthew P. Garvey, and the accompanying Memorandum of Law. GT and AJP are entitled to summary judgment because there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Neither GT nor AJP ever represented plaintiff International Strategies Group, Ltd ("ISG") or owed ISG the duties of care alleged. Neither AJP nor GT was a legal cause of any loss allegedly suffered by ISG, whose claims in any event are barred by the Statute of Limitations.

ISG has brought five claims against AJP, for Negligence (Count One), Misrepresentation (Count Two), Breach of Fiduciary Duty (Count Three), Breach of Implied and Express Contract

(Count Four), and Violation of M.G.L. 93A (Count Seven). ISG also asserts Counts One, Two, and Seven against GT.

As demonstrated by the Declarations and Affidavit and exhibits attached thereto, AJP only represented COB and its affiliate Société Bank House (collectively, "COB"), not ISG. AJP owed no duty of care to ISG. That corporation was managed by sophisticated persons (including a lawyer), and its shareholders were also actively involved in the affairs of ISG, sophisticated, and represented by their own counsel. ISG in fact retained counsel in Boston during 2001 when it still had ample time to take whatever legal action it deemed appropriate. No act or omission of AJP or GT caused any of the losses alleged by ISG.

GT and AJP also incorporate herein by reference the position of co-defendant Eckert, Seamans, Cherin & Mellott, LLC ("ESCM") that all of ISG's claims are barred by the Statute of Limitations.

As fully explicated in the accompanying Memorandum of Law of GT and AJP and in ESCM's Memorandum in support of its motion for summary judgment, GT and AJP respectfully move that the Court enter judgment in their favor and order the case dismissed in all respects.

-3-

>Respectfully submitted,
>
>GREENBERG TAURIG, LLP AND
>A. JOHN PAPPALARDO,
>
>By their attorneys,
>
>/s/ Paul B. Galvani
>
>Paul B. Galvani (BBO # 183800)
>Matthew P. Garvey (BBO # 655419)
>Ropes & Gray LLP
>One International Place
>Boston, MA 02110
>Tel.: (617) 951-7000

Dated: May 31, 2005

**Certification of Consultation**

      Pursuant to Local Rule 7.1, I, the undersigned counsel for defendants Greenberg Traurig, LLP. and A. John Pappalardo, certify that I have conferred with plaintiff's counsel regarding this motion in good faith to resolve or narrow the issues presented by this motion.

*/s/ Matthew P. Garvey*
Matthew P. Garvey

**CERTIFICATE OF SERVICE**

      I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, May 31, 2005, the within motion for summary judgment, memorandum of law in support of summary judgment, the affidavit of Matthew P. Garvey and accompanying exhibits, and the declarations of A. John Pappalardo and accompanying exhibits were served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and were served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

*/s/ Matthew P. Garvey*
Matthew P. Garvey