UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL STRATEGIES GROUP, LTD.

Plaintiff,

v.

GREENBERG TRAURIG, LLP., A. JOHN
PAPPALARDO, AND ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC.,
Defendants.

CIVIL ACTION NO. 04-12000 RWZ

**AFFIDAVIT OF FRANK HANSEN**

FRANK HANSEN, being duly sworn, deposes and states, under pains and penalties of perjury, as follows:

1.      I am currently the Chief Executive Officer of St. Frederikslund Holding A/S ("St. Frederikslund"), a Danish holding company with a principal place of business in Copenhagen, Denmark. St. Frederikslund was formerly known as Danstruplund Holding A/S. I have been with St. Frederikslund since 1997 and have held the position of Chief Executive Officer since November 2001 when St. Frederikslund initiated legal proceedings against James F. Pomeroy ("Pomeroy"). I make this affidavit upon my own personal knowledge and a review of the books and records of St. Frederikslund and its predecessor.

2.      From in or about April 1998 through May or June 1998, Mr. Jens Skold Kristiansen acting as St. Frederikslund's representative entered into a series of discussions with representatives of Corporation of the Bankhouse ("COB"), including Pomeroy and Albert Pans ("Pans"). These discussions resulted in the transfer by St. Frederikslund to COB, of $10,000,000

1

USD, which was deposited first in ABN/AMRO bank and thereafter transferred into COB's account at Fleet Bank purportedly for the account of "COB Syndicate 160," the syndicate through which COB was to make investments on St. Frederikslund's behalf. On August 10, 1998, Pomeroy confirmed to St. Frederikslund, in writing, that the value of the assets in the syndicate had increased by 50 percent or $5,000,000 USD. (Exhibit 1)

3.  On or about January 28, 1999, Pomeroy represented that "the balance of your [the COB Syndicate 160] account is USD 121,137,000.00 (One Hundred Twenty One Million One Hundred Thirty Seven Thousand United States Dollars) as reported by the Syndicate for its [sic] period ending 31 December 1998." (Exhibit 2)

4.  On or about June 23, 1999, Pomeroy purported to give the former Chief Executive Officer of St. Frederikslund, Jens Skjold Kristiansen ("Kristiansen"), a status report on an investment with Swan Trust, which had been transferred to First Merchant Bank OSH Ltd. (FMB). Pomeroy led St. Frederikslund to believe that he was working out an agreement with FMB for the return of principal, $80 Million in profit and an investment instrument involving a revolving underwriting facility ("RUF") in the amount of $100 million. (Exhibit 3) In December, 1999, Pomeroy and attorney A. John Pappalardo, then affiliated with Eckert, Seamans, Cherin & Mellott, LLC ("ESCM"), assured Kristiansen that there had been "a great deal of positive activity regarding the recovery of funds from the Swan Trust transaction." (Exhibit 4)

5.  On January 5, 2000, in connection with COB's year-end report on the financial condition of COB Syndicate 160, St. Frederikslund was assured by COB, through a letter signed by Pomeroy, on the stationery of Societé Bankhouse (a tradename used by COB), with signature and medallion guarantees by Fleet National Bank, that the "balance of your account is USD

$227,620,578 (Two Hundred Twenty Seven Million Six Hundred Twenty Thousand Five Hundred Seventy Eight United States Dollars) as reported by the Syndicate for its period ending 31 December 1999." (Exhibit 5)

6. On or about June 20, 2000, at the request of Arthur Andersen, at that time accountants for St. Frederikslund, Pomeroy confirmed the previous year end balances, and further confirmed certain sales and purchases of securities made on behalf of the syndicate as of December 31, 1999, which left a cash balance in COB Syndicate 160 of $40,019,701.00. (Exhibit 6)

7. It was St. Frederikslund's clear and unequivocal understanding that Mr. Pappalardo at ESCM and Greenberg Traurig was acting as our attorney in connection with the recovery of funds placed with the Swan Trust. In fact, on January 17, 2000, Kristiansen confirmed, in writing, to Pappalardo, "that you [Pappalardo] are authorized to act on our [St. Frederikslund's"] behalf in all matters concerning the improper transfer of monies by Swan Trust. (Exhibit 7). On February 28, 2000, in response to a letter from a third party, Kristiansen wrote, "we urge you to contact our US attorney, Mr. Burr, Greenberg Traurig. . . . " (Exhibit 8).

8. Throughout the year 2000, St. Frederikslund was under an impression that it was doing continuing business with COB, Pomeroy, and affiliated entities, including SB Global, Inc. ("SBG"), a company incorporated in or about July or August 2000.

9. The books and records of St. Frederikslund reflect the following payments to COB, SBG and/or affiliated entities, in addition to the original $10,000,000 transferred to COB in 1998.

a. On or about March 2, 1999, St. Frederikslund paid $5,500,000 USD for investment management fees, out of pocket expenses and other costs.

3

b.  On or about June 27, 2000, St. Frederikslund paid $450,000 for investment management fees, out of pocket expenses and other costs.

c.  On or about August 2, 2000, St. Frederikslund paid $300,000 USD for investment management fees, out of pocket expenses and other costs.

d.  On or about April 27, 2000, St. Frederikslund transferred another $500,000 USD for investment management frees, out of pocket expenses and other costs.

e.  On or about September 14, 2000, St. Frederikslund paid $95,000 USD for investment management frees, out of pocket expenses and other costs.

f.  On or about December 22, 2000, St. Frederikslund paid $1,800,000 USD for the purpose of purchasing what was believed to be an option to acquire an interest in SBG.

10. On or about March 6, 2001, Peter Ness, Senior Vice President of a COB-affiliated entity, confirmed instructions given by St. Frederikslund to reinvest the balance of funds in COB Syndicate 160 in Danish and European Monday Market Instruments. It was represented to St. Frederikslund that the cash balance as of February 27, 2001, was $70,019,701.00 USD. (Exhibit 10). Pomeroy later reconfirmed this balance on April 16, 2001 to KPMG in Denmark, the accountants now used by St. Frederikslund. (Exhibit 11)

11. The assurances made to St. Frederikslund and its accountants regarding the profits and the balances in the COB 160 Syndicate Account, together with the confidence that the management of St. Frederisklund had at that time in Pappalardo and his law firms, ESCM and then Greenberg Traurig, together promoted a level of comfort with respect to the Swan Trust transaction. All of these perceived factors also contributed to a continuing motivation to carry on in a "business relationship" with Pomeroy and his corporate entities.

12   Based upon these circumstances, it is my view that, had ISG been separately represented and sought a "buyout" of its position in the Swan Trust recovery, it is not unlikely that St Frederikslund would have been motivated to "purchase" ISG's position. During the period that St. Frederikslund was continuing to believe that it was investing in COB-related entities, St. Frederikslund followed Pomeroy's recommendations.

DATE: 28 June 2005

_____
Mr. Frank Hansen

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 6.30.05