UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC., <br><br> Defendants. | CIVIL ACTION NO. 04-12000 RWZ |

**AFFIDAVIT OF JESSICA BLOCK PURSUANT TO FED.R.CIV.P. 56 (f)**

Jessica Block, being duly sworn, deposes and states as follows:

1. I am counsel to International Strategies Group, Ltd. ("ISG") in the above-captioned matter and make this affidavit pursuant to Fed.R.Civ.P. 56 (f) and, further, to transmit documents produced in International Strategies Group, Ltd. v. Corporation of the Bankhouse, et al, Civil Action No. 02-10532-RWZ ("the COB Litigation"), Automatic Disclosure or elsewhere, which I have not yet had the opportunity to investigate through deposition discovery or further documentary discovery.

2. In the COB Litigation, defendant A. John Pappalardo ("AJP") produced many pages of notes of his conversations with ISG and others. These notes include, *inter alia*, notes regarding the statute of limitations on claims that are the subject matter of this

litigation, his conversations with the Federal Bureau of Investigation, his conversations with a prosecutor in the United States Attorney's office and his notes of conversations with James Pomeroy, COB's CEO, representatives of ISG and St. Frederikslund and perhaps with others.

3.  Since September, 2004, when the complaint in this matter was filed, the parties have expended their efforts briefing motions to dismiss the complaint, motions to dismiss the amended complaint and the instant motions for summary judgment. We exchanged documents and statements pursuant to the Automatic Disclosure requirements on May 17, 2005, but since that time have expended our resources briefing the instant motions in accordance with the Court's scheduling order of April 26, 2005. Accordingly I have not had the opportunity to take the deposition of AJP or any other witness or to obtain in advance of those depositions the narratives of legal bills or such other documents that will lead to the discovery of admissible evidence relevant to the merits of ISG's claims as well as the statute of limitations and causation issues raised by the pending motions for summary judgment.

4.  Defendants have made statements in the joint statement of material facts allegedly not in dispute regarding, *inter alia* (1) what AJP knew in July 1999 when he was retained, (2) the financial status of Henry Pearlberg, (3) the circumstances of defendant Eckert, Seamans, Cherin & Mellott transferring ISG's funds to other COB investors, (4) what actions AJP believed were available to ISG after it terminated its relationship with him; (5) internal communications at defendant law firms, including conflicts checks; (6) statements allegedly made by ISG representatives to AJP and (7) conversations they had with government entities. I have not had the opportunity to examine them on these issues

or to obtain relevant documentary discovery beyond the documents produced in Automatic Disclosure.

5.  Attached to this affidavit as Exhibits 1 through 40 are documents produced in the COB Litigation, produced through Automatic Disclosure or, in one instance, obtained from the Internet, which are referenced in the Opposition of ISG to the Defendant's motions for summary judgment. I have not had the opportunity to question defendants on these documents.

SWORN TO UNDER PAINS AND PENALTIES OF PERJURY

DATED: June 28, 2005

_/s/ Jessica Block_
Jessica Block

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 6-30-05

_/s/ Jessica Block_

3