UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                          )
INTERNATIONAL STRATEGIES GROUP, LTD., )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )
                                          )
GREENBERG TRAURIG, LLP., A. JOHN          )     CIVIL ACTION No.: 04-12000 RWZ
PAPPALARDO, AND ECKERT, SEAMANS,          )
CHERIN AND MELLOTT, LLC,                  )
                                          )
                    Defendants            )
                                          )
_____ )

## REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT MOTION OF GREENBERG TRAURIG, LLP AND A. JOHN PAPPALARDO

International Strategies Group, Ltd. ("ISG") has not presented a single document or credible sworn statement that A. John Pappalardo ("AJP") or either of his firms represented ISG as its legal counsel. Instead, ISG relies on inferences, assertions that it refrained from taking independent action as a result of comments by AJP or James Pomeroy, temporary periods of overlapping interests between ISG and Corporation of the Bankhouse ("COB"—the actual client of AJP), and similar speculations based on inadmissible "evidence" insufficient to create a genuine issue of material fact. In contrast, AJP and GT have established, and ISG's documents further support, that AJP and GT are entitled to summary judgment because, based on the undisputed facts, neither GT nor AJP ever represented ISG or owed ISG the duties of care alleged and, moreover, neither AJP nor GT was a legal cause of any loss allegedly suffered by ISG, whose claims are also barred by the Statute of Limitations.[1]

ISG's opposition brief and supporting affidavits and documents—many of which should be

_____

[1] Contrary to ISG's assertion in its opposition brief, 34 n. 7, AJP and GT do indeed contend that ISG's claims against them are barred by the Statute of Limitations for the reasons articulated by ESCM. *See* Mem. Supp. Summ. J. of GT and AJP, 18.

stricken as inadmissible[2]—do not raise a genuine issue of material fact in support of the proposition that AJP and his firms ever represented ISG. On the contrary, ISG has admitted that it was a third party to the attorney-client relationship between AJP and COB even after it had signed a Power of Attorney that authorized AJP to serve ISG as its attorney in fact—a fact ISG does not dispute in its Response To Defendants' Joint Statement Of Material Facts ("Response").[3] ISG purports to create issues of fact by saying that it had reason to believe that AJP was representing its "interests" at various times. *See, e.g.,* Opp'n Br. at 9, 11, 25-27; Clark Aff. at ¶¶ 5,8. Lawyers do not represent "interests," they represent clients, and, while the interests of ISG and COB were at times aligned, this did not make AJP ISG's lawyer.

ISG also misquotes exhibits or takes statements out of context. For example, ISG states that AJP, in a conference call with ISG's investors, "was asked to provide legal advice, including an *opinion* on the statute of limitations." Opp'n Br., 17. (Emphasis added.) The document cited for this proposition, however, reflects only a "request to provide statute of limitations *information*." Block Aff. Ex. 30 (Emphasis added.) Similarly, ISG claims that Christopher Jones "was told on a number of occasions that the law firms were representing all investors." Opp'n Br., 12. Not only are the alleged speakers not identified, but no such assertion appears in the Jones affidavit.

ISG submits an October 22, 1999 letter from AJP to Mr. Barber, which Philip Clark now cites as support for the proposition that he "believed that AJP was representing ISG's interests simultaneously with COB's." In fact, the letter says, "I am writing to you at the request of my client, [COB]," and that the letter's purpose is to provide Barber "with an understanding of the actions that are being taken on behalf of COB." Clark Aff. at ¶ 8; Barber Aff. Ex. N. And ISG

---

[2] *See* the Defendants' Motion to Strike and supporting Memorandum filed herewith.
[3] As this Reply and the Motion to Strike demonstrate, ISG's Response does not create any issue of material fact with page references to admissible affidavits or other documentation, as required by L. R. 56.1 and Fed. R. Civ. P. 56(e). Moreover, although Ms. Block has filed an affidavit styled Pursuant to Fed. R. Civ. P. 56(f), there is no motion under that Rule, and, in any event, her affidavit fails to satisfy the requirements of 56(f).

certainly did not believe that AJP was its counsel when Clark told him on July 18, 2001 that he had "sent further documents across to the US for legal advice." AJP Aff. Ex. H. Moreover, the conflict between ISG and COB precludes a finding that AJP owed any duty to ISG.[4] In its Response to the Joint Statement of Material Facts, ¶ 37, ISG has conceded that "ISG knew it had an action against COB…." And Mr. Clark's notes of his conversation with FBI agent Robert Klimas on February 17, 2000, are most revealing. He writes "… that Pappalardo and Pomeroy have withheld considerable information from the FBI (*so creating future powerful solutions for ISG if required*)." Clark Aff. Ex. E. (Emphasis added.)

Finally, ISG's contention that it was harmed by a delay in action is predicated on inadmissible speculation that funds from FMB "appear to have been available" until May 2000. *See* Pl. Resp., 28. ISG has not submitted evidence demonstrating what could have been done, when, and how ISG was damaged by any action or inaction of AJP or GT.

Nor does ISG's description of events after it had hired Kathleen Stone as its attorney create any material issue of fact. Surely Ms. Stone was capable of representing ISG, and ISG does not dispute that it knew about potential claims against FMB, ABN AMRO, May Davis and others in the Swan Trust diversion long before it hired Ms. Stone. *See, e.g.*, Clark Aff. Ex. G. In fact, ISG does not seriously contest the point that it had ample time to take legal action after it retained counsel in 2001. Even now it has pending viable actions against FMB and ABN AMRO in New York that have survived challenges under the Statute of Limitations.

---

[4] ISG misstates the relevant law. The First Circuit distinguished *Kirkland Constr. Co. v. James*, 39 Mass. App. Ct. 559, 658 N.E.2d 699 (1995) and found that a lawyer owed no duty to a non-client in light of a potential conflict between that duty and the lawyer's duty to a client. *See One Nat'l Bank v. Antonellis*, 80 F.3d 606, 611-612 (1st Cir. 1996). In the unpublished decision in *Nickerson v. Walsh*, No. 99-00364A, 2000 Mass. Super. LEXIS, at *10 (Sept. 29, 2000), the court ruled that a lawyer may have owed a duty to a non-client only after finding that the service at issue, the recording of a mortgage discharge, "would not conflict with any duty [the attorney] owed to her client." The court in *Nat'l Bank of Canada v. Hale & Dorr LLP*, No. 2000-00296, 2004 Mass. Super. LEXIS 142, at *35-38 (April 28, 2004) held that a lawyer may owe a non-client bank a contractual duty as an intended third-party beneficiary in a very narrow circumstance that is inapplicable here, but an attorney owes no fiduciary duty to a non-client where the potential for conflict with a duty to his client exists.

Respectfully submitted,

GREENBERG TRAURIG, LLP AND
A. JOHN PAPPALARDO,

By their attorneys,


*/s/ Matthew P. Garvey*
Paul B. Galvani (BBO # 183800)
Matthew P. Garvey (BBO # 655419)
Ropes & Gray LLP
One International Place
Boston, MA 02110
Dated: July 7, 2005                          Tel.: (617) 951-7000

## CERTIFICATE OF SERVICE

I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, July 7, 2005, the within reply was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.


*/s/ Matthew P. Garvey*
Matthew P. Garvey