UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., ) ) ) Plaintiff, ) ) v. ) ) GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, ) ) ) ) Defendants ) | CIVIL ACTION No.: 04-12000 RWZ |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF JOINT MOTION TO STRIKE

Defendants A. John Pappalardo ("AJP"), Eckert Seamans Cherin and Mellott LLC ("ESCM") and Greenberg Traurig, LLP ("GT") submit this memorandum of law in support of their Joint Motion to Strike the affidavits, and exhibits thereto, of Philip Clark, Christopher Barber, Christopher Jones, Frank Hansen, Jessica Block and Kathleen Stone, except insofar as they constitute admissions by ISG.[1]  These affidavits and exhibits, submitted by Plaintiff International Strategies Group, Ltd. ("ISG") in support of its opposition to Defendants' motions for summary judgment, fail to satisfy the requirements of Fed. R. Civ. P. 56(e) in that they either are not based on personal knowledge, lack foundation, consist of hearsay, opinion, rank speculation, or are otherwise inadmissible.

---

[1] The schedule setting forth the specific paragraphs of affidavits and the exhibits that the Defendants seek to strike is attached as Exhibit A to the Defendants' Joint Motion to Strike. The Defendants have noted in their Replies that Exhibits E and G to the Clark affidavit comprise admissions of ISG and are not the subject of this Motion.

Rule 56(e) provides that:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible* in evidence and shall show affirmatively that the affiant is *competent* to testify to the matters stated therein.

Fed. R. Civ. P. 56(e). (Emphasis added.) Affidavits must be examined on a point-by-point basis. *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001). Applying such an analysis to the ISG affidavits demonstrates that they do not pass muster. Although nothing contained in the affidavits serves to create a genuine issue of material fact, the affidavits should be stricken nonetheless.

**I.    The Court Should Strike Statements in the Affidavits Not Based on Personal Knowledge**

The "touchstone" of admissibility for affidavits supporting or opposing summary judgment is personal knowledge. *Perez*, 247 F.3d at 315–16. Importantly, "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Id.* at 316. Moreover, the attested-to facts must be specific; conclusory statements and "gauzy generalities are not eligible for inclusion in the summary judgment calculus." *Id.* at 317.

   A.    <u>Messrs. Clark, Barber, and Hansen Admit That Their Affidavits Are Not Based On Personal Knowledge</u>

While Messrs. Clark, Barber, and Hansen aver that the information provided in their affidavits is based, at least in part, "upon personal knowledge," it is clear from statements in each affidavit that they are inadmissible. Indeed, Mr. Clark says that his affidavit is "based upon personal knowledge and information *and upon [his] review and analysis of documents* produced in <u>International Strategies Group, Ltd. v. Corporation of the Bankhouse, et al., Civil Action No. 12-10532-RZW</u> ('the COB Litigation')." Clark Aff. ¶ 1. (Emphasis added.) Similarly, Mr. Barber states that his affidavit is based on knowledge "including information I discovered after

-2-

the date of the facts detailed herein," which, obviously, is not the requisite personal knowledge. Barber Aff. ¶ 1. Mr. Hansen says that his affidavit is made not only upon his own personal knowledge, but also upon "a review of the books and records of St. Frederikslund and its predecessor." Hansen Aff. ¶ 1. It is impossible to tell which statements by Messrs. Clark, Barber, and Hansen are based on personal knowledge, if any. As such, their entire affidavits should be stricken.

      B.      <u>The Affidavits Should Be Stricken Where The Affiant Speculates</u>

"[U]nsubstantiated speculation … can never defeat a properly supported summary judgment motion." *Nieves-Luciano v. Hernández-Torres*, 397 F.3d 1, 5 (1st Cir. 2005). The affidavits of Messrs. Clark, Hansen, and Jones, in whole or in part, consist of speculation and opinion, and consequently should be stricken.

Mr. Clark purports to state what he "understood" after reading a particular letter in which "AJP expressed the 'need on our side to have mutually supportive positions.'" Clark Aff. ¶ 8; Barber Aff. Ex. N. Additionally, without stating any basis for his opinion, Mr. Clark summarily states "[a]s a predicate to filing the New York action, ISG also had to obtain … an assignment of COB's rights in the Deed of Assignment, because it individually had no standing to sue the banks for the monies misappropriated by Swan Trust." *Id.* ¶ 23. Mr. Clark makes similar statements of opinion regarding the New York action in Paragraph 24. All three paragraphs and any exhibits referenced therein that are not otherwise admissible should be stricken as constituting inadmissible opinions of a fact witness. Similarly, Mr. Barber purports to state what he and Mr. Clark "understood" a letter to mean, Barber Aff. ¶ 14, and what he and Mr. Clark "believed" their execution of the power of attorney and sending of a "side letter" to have accomplished, Barber Aff. ¶ 20. Both paragraphs should be stricken as constituting inadmissible opinions.

Ms. Stone's affidavit is also replete with vague conclusions that are not based in fact. Wholly without support, she states that she "understood" that AJP "represented the investors in prior efforts to recover funds misappropriated from Swan Trust." Stone Aff. ¶ 3. She also states in conclusory terms, "I was forced to file a motion to compel AJP to produce the documents that I requested before filing the COB litigation," yet never explains why she could not have assembled the documents in the same way that AJP had. *Id.*, ¶ 4. These paragraphs should be stricken as conclusory, opinions, and because they are irrelevant as well.

The affidavits of Messrs. Jones and Hansen also contain rank speculation. Mr. Jones says that it was his "*understanding* … that AJP and the law firms were representing all of the investors, including [ISG]." Jones Aff. ¶ 3 (emphasis added); *see also id.* ¶ 4 (describing what Jones "understood"). Mr. Hansen sets up a hypothetical situation and posits that in such a situation it would have been "*not unlikely* that St. Frederikslund would have been *motivated*" to act in a particular manner. Hansen Aff. ¶ 12. (Emphasis added.) Again, both paragraphs should be stricken. The proffered testimony is irrelevant opinion. Moreover, St. Frederikslund was always free to invest additional funds without having to resort to buy out ISG's position, yet it did not do so. Such recently contrived, contrary-to-fact speculation is patently inadmissible.

C.     The Affidavits Should Be Stricken Where They Contain Hearsay

Hearsay statements are inadmissible in Rule 56(e) affidavits. *See Nieves-Luciano*, 397 F.3d at 5; *Chapman v. Bernard's, Inc.*, 167 F. Supp. 2d 406, 418 (D. Mass. 2001). Even where an affiant claims to have participated in a conversation, statements purporting to set forth facts based on such a conversation are inadmissible unless the conversation is sufficiently defined. "Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant." *Perez*, 247 F.3d at 316.

The affidavits submitted by ISG are replete with statements lacking sufficient foundational facts indicating that the affiant personally heard the statement.  For example, Mr. Jones says that, "[b]ased on meetings with AJP and my conversations with Pomeroy, I was led to believe that pleadings had been drafted and that a civil suit was being prepared on behalf of the investors when the law firms deemed it appropriate."  Jones Aff. ¶ 4.  He also describes as a "recently learned" event a transaction between ESCM and COB.  *Id*. ¶ 6.  Mr. Jones does not say how or when he learned about the transaction, but he clearly lacks personal knowledge about it.  His commentary is inadmissible opinion testimony.  Both paragraphs should be stricken.

As noted in Part I. A., *supra*, Mr. Barber concedes that his affidavit is based, in unidentified part, on information discovered after the date of the facts detailed in his affidavit.  This is not personal knowledge.  Paragraphs 13, 15, and 16 of Mr. Barber's affidavit are based on hearsay statements and should be stricken. Mr. Barber's statements predicated on undefined conversations, paragraphs 17, 18 (the first of Mr. Barber's two paragraphs numbered 18), and 19 (the second of two paragraphs numbered 19), should also be stricken because they are not described in sufficient detail to be admissible.  Also, Mr. Barber attaches to his affidavit two exhibits that he describes as "preliminary summaries we prepared," Barber Aff. ¶ 11, Exs. I, J, but he provides no foundational facts that would make such self-serving "preliminary summaries" admissible.  Nor does he submit the records upon which he claims they are based.  Moreover, all of the other documents attached to the Barber affidavit are inadmissible hearsay as to the defendants in this action, except for exhibits N, P, R, S, U, V, W, and Y, which are letters or e-mails from Mr. Pappalardo; in any event, while admissible, the latter contradict the claim of Mr. Barber that they supposedly demonstrate an attorney-client relationship between ISG and

Mr. Pappalardo. The first Paragraph 18 and the first Paragraph 19 are also contradicted by exhibits N, P, R, S, U, V, W, and Y.

Mr. Clark repeatedly predicates statements upon undefined conversations. For example, he states that "AJP spoke of the need for mutual cooperation and support and joint representation and warned against any independent action by ISG…" without ever describing one such conversation in specific detail. Clark Aff. ¶ 8. In any event, the need for "mutual cooperation" is a far cry from an attorney-client relationship. Mr. Clark then goes on to "recall" other statements by AJP that he claims were made, again, in unspecified conversations. *Id*. Additional conversations with AJP, as well as conversations with Mr. Jones, COB and FBI agent Robert Klimas, are also described without sufficient detail to be admissible. *See* Clark Aff. ¶¶ 7, 9-13, 13, 15, 17, 19, 20, 23 and accompanying exhibits. All such paragraphs, and the exhibits referenced therein that are not otherwise admissible, should be stricken. Paragraphs 2-4, 16, 18, and 21-24 of the Clark affidavit are based on hearsay and should be stricken. In fact, all of the other exhibits appended to Mr. Clark's affidavit are inadmissible hearsay as to the defendants in this action,[2] except for exhibits A, B, L, P, and Q. Those exhibits are letters or e-mails from AJP or members of the Defendant firms; while admissible, as with such documents attached to Mr. Barber's affidavit, they contradict any claim of an attorney-client relationship between ISG and AJP. Indeed, Mr. Clark omitted from his affidavit an e-mail he sent to AJP on June 6, 2002, a copy of which is attached hereto as Exhibit A, in which he admits that AJP never represented ISG by stating that, with regard to helping ISG in its suit against COB, he is aware that AJP is "constrained by client obligations and confidentiality."

---

[2] And, except for Exs. E and G, which constitute admissions by ISG, should be stricken.

**II.      Evidence Should Be Stricken Where No Foundation For Admissibility Is Provided**

In accordance with Rule 56(e), any facts submitted must be admissible before they can be included "in the summary judgment calculus." *Perez*, 247 F.3d at 316. It is axiomatic that for evidence to be admissible, the foundation for admissibility must be laid. Ms. Block's affidavit appends 40 exhibits, to which she devotes a single sentence to the effect that the documents were "produced in the COB litigation, produced through Automatic Disclosure or, in one instance, obtained from the Internet…." Block Aff. ¶ 5. Nothing further is said about any of the documents. Not even the document she pulled from the internet is identified. The documents lack foundation and are riddled with hearsay. Her off-hand "description" is wholly insufficient for establishing admissibility. No evidence is provided demonstrating why each of these documents is admissible. Accordingly, each exhibit, 1 through 40, of Ms. Block's affidavit should be stricken.

**III.     The Affidavits Should Be Stricken As Irrelevant**

There are three issues before the Court in this summary judgment motion: 1) whether AJP or his firms ever represented ISG or owed it any duty; 2) whether AJP can be considered the cause of any harm to ISG even if he did owe it a duty; and 3) whether the Statute of Limitations has run against ISG in bringing this action. None of the paragraphs that remain, after removing the speculation, hearsay, and other statements and exhibits proffered without foundation in the affidavits submitted by ISG, is relevant to any of these three issues, and as such they all should be stricken as irrelevant. For example, statements by Mr. Barber regarding ISG's investment in COB and how COB and Albert Pans defrauded ISG are completely beside the point; ISG has already won a judgment against COB, and need not repeat its case against them here. *See* Barber Aff. ¶¶ 2-10, 12 and accompanying exhibits. The first Paragraph 19 of the Barber affidavit mischaracterizes the attachments thereto, which do not constitute engagement of AJP by Mr.

-7-

Barber, and should be stricken as irrelevant. Similarly, Paragraph 14 of Mr. Clark's affidavit is not supported by the document attached thereto and should be stricken; Mr. Clark totally mischaracterizes exhibit M. Paragraphs one, two, and five of the Jones affidavit should be stricken as irrelevant as all they describe are Mr. Jones's background. Mr. Hansen's entire affidavit is irrelevant because what St. Frederickslund did in connection with the Swan Trust matter has no bearing on the matters at issue here, which concern solely the relationship between ISG and AJP and his firms.

The entire affidavit of Kathleen Stone is irrelevant as well. Nothing in the description of events after ISG had hired Kathleen Stone as its attorney is germane to the issue of causation. Surely Ms. Stone, the attorney who represented ISG in obtaining a judgment against COB, Pomeroy, and SBG, was capable of doing her own work for ISG, and ISG does not dispute that it knew about potential claims against FMB, ABN AMRO, May Davis and others in the Swan Trust diversion long before it hired Ms. Stone. *See, e.g.*, Clark Aff. Ex. G. In fact, ISG does not seriously contest the point that it had ample time to take legal action after it retained counsel in 2001. Even now it has pending viable actions against FMB and ABN AMRO in New York that have survived challenges under the Statute of Limitations. *See Opp'n Br.*, 32.

**IV.     ISG Has No Need For Further Discovery Under 56(f)**

Ms. Block has filed an affidavit denominated as pursuant to Fed. R. Civ. P. 56(f); ISG has filed no motion under that Rule, however. In any event, Ms. Block's affidavit fails to satisfy the requirements of 56(f), which only applies "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's affidavit…." Ms. Block has not stated how the additional discovery she claims that ISG needs is essential to its opposition to the present motion for summary judgment. Moreover, ISG already has conducted extensive discovery. In its prior suit against COB, Societe Bankhouse, James Pomeroy, and SB Global, Inc., in this Court, ISG conducted extensive discovery. Among other actions, ISG noticed AJP's deposition on November 26, 2002 (eventually accepting documents in lieu of the deposition). ISG examined documents produced by AJP and successfully moved to compel certain documents. Additionally, ISG appears to have collected numerous documents in its myriad other actions[3] connected to the Swan Trust investment. Indeed, ISG produced to AJP and GT over 23,000 pages of such documents as part of its initial disclosures, most of which the defendants had never seen. Further, ISG has long known that it must prove that AJP was its attorney, and has had time to conduct additional discovery even in the present action. The parties exchanged initial disclosures on May 17, 2005. Nothing has prevented ISG from seeking discovery thereafter.

ISG has always been in by far the best position to provide whatever evidence exists that it engaged the Defendants to be its legal representatives, even without conducting discovery. Yet Messrs. Clark and Barber, the putative clients, are unable to do so. The fact that it has not been

---

[3] At current count, ISG has initiated at least six such suits in the United States alone.

able to provide such evidence despite personal knowledge, multiple court cases, and years of discovery, is only further proof that the Defendants never in fact represented ISG.

## Conclusion

For the foregoing reasons, the Court should grant the defendants' Joint Motion to Strike the Clark, Barber, Jones, Hansen, Block, and Stone affidavits and exhibits attached thereto, except insofar as they constitute admissions by ISG.

Respectfully submitted,

GREENBERG TRAURIG, LLP AND
A. JOHN PAPPALARDO,

By their attorneys,


*/s/ Matthew P. Garvey*
Paul B. Galvani (BBO # 183800)
Matthew P. Garvey (BBO # 655419)
Ropes & Gray LLP
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

ECKERT, SEAMANS,
CHERIN AND MELLOTT, LLC,

By its attorneys,

*/s/ William B. Mallin*
William B. Mallin (admitted pro hac vice)
Timothy S. Coon (admitted pro hac vice)
Devorah A. Levine, Esquire (BBO #650813)
Eckert Seamans Cherin & Mellott, LLC
One International Place
Boston, MA 02110
(617) 617) 342-6800

Dated: July 7, 2005

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1, I, the undersigned counsel for defendants Greenberg Traurig, LLP. and A. John Pappalardo, certify that I have conferred unsuccessfully with plaintiff's counsel regarding this motion in good faith to resolve or narrow the issues presented by this motion.

*/s/ Matthew P. Garvey*
Matthew P. Garvey

## CERTIFICATE OF SERVICE

I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, July 7, 2005, the above Memorandum of Law In Support of Joint Motion to Strike was served on the plaintiff by causing a copy of the same to be hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109.

*/s/ Matthew P. Garvey*
Matthew P. Garvey