UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 FEB -9  A 8:50
DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC., <br><br> Defendants. | CIVIL ACTION NO. 04-12000 RWZ |

### AFFIDAVIT OF KATHLEEN C. STONE IN SUPPORT OF MOTION FOR RECONSIDERATION OF INTERNATIONAL STRATEGIES GROUP, LTD

**KATHLEEN C. STONE**, being duly sworn, deposes and states as follows:

1. I am an attorney at the law firm of Looney, Cohen, Reagan & Aisenberg, LLP in Boston, MA. I acted as counsel for International Strategies Group, Ltd ("ISG") in International Strategies Group, Ltd. v. Corporation of the Bankhouse, et al, Civil Action No. 02-10532-RWZ ("the COB Litigation"). I make this affidavit on behalf of in support of ISG's motion for reconsideration of this Court's decision of January 30, 2006, granting summary judgment ("the Decision").

2. In the Decision, page 6, the Court concludes from a letter of January 4, 2002 attached to my affidavit, that, "Ms. Stone believed, at least as early as January 4, 2002, from her to Pappalardo regarding the files, that plaintiff [ISG] had adequate grounds

to initiate suit against the financial institutions before obtaining the requested files from GT and Pappalardo." In fact that conclusion is not correct. When I wrote, "although ISG has not yet filed, it certainly has grounds to do so and I expect I will be instructed to do so shortly," I was referring to a lawsuit against Corporation of the Bankhouse ("COB") and its CEO James Pomeroy ("Pomeroy"), the corporate entity and individual against whom I did initiate action in Boston on March 22, 2002. As of January 4, 2002, I did not have adequate documentation with which to evaluate potential claims against Abn Amro Bank ("Abn Amro"), First Merchant Bank ("FMB") or any other financial institution, which is why I was seeking documentation from A. John Pappalardo ("AJP"), who, I understood from ISG, had amassed significant information over the prior two year period.

       3.      Additionally, there was no jurisdiction over Abn Amro Bank or First Merchant Bank in Massachusetts. As my firm does not have a New York presence, I would have had to refer such actions to a New York firm to commence any kind of action against such entities. It was not until my firm received (i) in 2003, the "Pappalardo documents" upon the motion to compel that I initiated, and the Court granted, together with (ii) the documents subpoenaed from Abn Amro that ISG had available to it information sufficient to interest a New York law firm in prosecuting the case against Abn Amro and FMB. With respect to the documents subpoenaed from Abn Amro, because of the bank's intransigence, I received only a few documents in August, 2002, further documents in March 2003, and a final batch of documents in June 2003. Obviously, had my firm been retained in August 1999 to prosecute a case against COB and Pomeroy, these documents would have been obtained at least two years earlier. The documents in question showed the chain of custody of the funds deposited by Henry Pearlberg, trustee

of the Swan Trust, the funds transferred in and out of sweep and concentration accounts, Mr. Pappalardo's conclusions regarding his communications and the documents received from David Bosse, an attorney representing Ralph Jarson, an employee of FMB and Joan Patrick's primary contact at that institution. The documents that Mr. Pappalardo obtained during the at least twenty-six month period he was involved in the matter also included correspondence between Joan Patrick and Pearlberg, the Bank of New York, May Davis, and FMB, all of which established the money trail of ISG's funds once these were combined with the funds of other investors and transferred to Henry Pearlberg.

4.  Additionally, and most importantly, when I was retained and filed the COB Litigation on behalf of ISG, ISG did not have rights in the Deed of Assignment from Henry Pearlberg to James Pomeroy. As a predicate to filing the New York action, ISG also had to obtain, as part of its judgment in the COB Litigation, an assignment of COB's and Pomeroy's rights in the Deed of Assignment, because it individually had no standing to sue the banks for the monies misappropriated from Swan Trust. On behalf of ISG, I was able to secure rights to the assignment as of January 23, 2004, but only as a sanction for COB's failure to respond to discovery in the COB Litigation. The assignment later was made a part of the final judgment.

SWORN TO UNDER PAINS AND PENALTIES OF PERJURY

DATED: February 8, 2006

Kathleen C. Stone

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/9/06 electronically

3