UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| INTERNATIONAL STRATEGIES GROUP, LTD. | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 04-12000 RWZ |
| GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC., Defendants. | |

### AFFIDAVIT OF BLAINE H. BORTNICK, ESQUIRE, IN SUPPORT OF THE MOTION FOR RECONSIDERATION OR FOR RELIEF FROM JUDGMENT BROUGHT BY INTERNATIONAL STRATEGIES GROUP, LTD.

**BLAINE H. BORTNICK,** being duly sworn, deposes and states as follows:

1. I am counsel for International Strategies Group, Ltd (ISG) in the case International Strategies Group Ltd et al v. Abn Amro Bank N.V. and First Merchant Bank OSH Ltd., Index No. 601604/04 ("the FMB/Abn Amro Action"), a case pending in the Supreme Court of the State of New York, County of New York. I make this affidavit in support of ISG's motion for reconsideration of this Court's decision of January 30, 2006, granting summary judgment ("the Decision") in favor of Eckert, Seamans, Cherin and Mellott, LLC ("ESCM"), Greenberg Traurig LLP ("GT") and A. John Pappalardo ("AJP").

2. I am a partner at the law firm of Liddle & Robinson, LLP ("L&R"), located in New York, New York. I was admitted to the New York bar in 1991. My practice primarily consists of securities industry and commercial litigation. In addition, I am an adjunct professor of law at the Benjamin N. Cardozo School of Law in New York, teaching New York Civil

1

Practice (procedure) for the past five years. As part of the course, I teach provisional remedies, including pre-judgment remedies for attachments and temporary restraining orders.

3.  I was contacted by ISG after it received documents from A. John Pappalardo and Abn Amro Bank ("Abn Amro") in connection with the action International Strategies Group, Ltd. v. Corporation of the Bankhouse, et al., Civil Action No. 02-10532 RWZ ("the COB Litigation") to evaluate an action against Abn Amro Bank ("Abn Amro") and First Merchant Bank OSH ("FMB") in New York, where Abn Amro had established banking operations and FMB, an offshore operation, had correspondent banking privileges. These documents, which consisted, *inter alia*, of bank records of the concentration and sweep accounts, correspondence between Henry Pearlberg and Joan Patrick and their intermediaries, and subpoenas to Abn Amro to testify in connection with a criminal investigation of FMB in August 1999, were critical to ascertaining whether such an action was viable. L&R filed the FMB/Abn Amro action after ISG received, as part of its relief in the COB Litigation, an assignment of rights in the funds transferred by James Pomeroy of Corporation of the Bankhouse to Henry Pearlberg ("Pearlberg"), trustee of Swan Trust ("the Assignment"). The Assignment previously was held by James Pomeroy after Pearlberg executed an assignment of rights on April 29, 1999, as part of his preliminary effort to make restitution of the investor funds, which disappeared after Pomeroy transferred them to Swan Trust, where they thereafter were transferred to FMB and Abn Amro by Pearlberg. Acquiring rights to the Assignment was a necessary condition precedent for ISG to assert direct claims against FMB and Abn Amro because ISG's primary claims in the FMB/Abn Amro actions have been brought as Pearlberg's assignee. Indeed, the New York court has already found that this assignment was a condition precedent. The Assignment, on its face, identifies the concentration account at Abn Amro where the Pearlberg funds were held.

2

4.     I have read this Court's decision of January 30, 2006, granting summary judgment against ISG ("the Decision"). In the Decision, the Court concludes, as to the funds in the concentration and sweep accounts of Abn Amro, "[a]lthough plaintiff's description implies that funds were available for attachment over a period of time, in fact the bank records clarify that the accounts were literally swept daily, often multiple times per day, immediately upon deposit of any substantial amount of money . . . Plaintiff never explains how Pappalardo and GT could have successfully isolated funds for attachment, when no substantial funds ever remained in the accounts for more than a day."

5.     I respectfully submit that the Court drew mistaken conclusions about the funds in the concentration account at the Abn Amro Bank ( 574073851441) and corresponding sweep account 801073851471. Sweep accounts are overnight deposit accounts. The main (or concentration) accounts are swept <u>after</u> banking hours overnight and then the funds immediately are re-deposited to the main (or concentration) account prior to bank opening hours following morning. Thus "substantial funds" are, in fact, available to both the depositor and, by implication, to creditors for attachment. Had counsel initiated an action in New York in August 1999, when funds were still the concentration accounts, these funds were subject to being restrained and attached.

6.     New York has a procedure similar to Massachusetts' trustee process attachment statute whereby, using *in rem* jurisdiction, pre-judgment relief may be obtained to freeze in-state assets. Under CPLR article 62, had ESCM, GT or AJP immediately filed a lawsuit against Henry Pearlberg (or retained local New York counsel to do so), they could have sought an attachment in New York on an ex-parte basis restraining the dissipation of the funds in concentration accounts (574073851441), as these funds were traceable to ISG's investment with

3

COB and COB's subsequent transfer of that investment, along with funds of other investors, to Swan Trust and thereafter to the FMB concentration account at Abn Amro. This procedure would have been available to ISG in its own right if it initiated action in 1999 against COB, Pomeroy, and Pearlberg. However, as I understand from the pleadings in the instant action, ISG was led to believe all necessary actions would be taken on its behalf by the defendants.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS 7 DAY OF FEBRUARY, 2006.

Blaine H. Bortnick

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/(by hand) on 2/9/06

4