UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | CIVIL ACTION No.: 04-12000 RWZ |
| GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, | ) ) ) ) ) |  |
| Defendants | ) ) ) |  |

**OPPOSITION OF GREENBERG TRAURIG, LLP AND A. JOHN PAPPALARDO TO MOTION FOR RECONSIDERATION OR FOR RELIEF FROM JUDGMENT**

This Court correctly concluded that A. John Pappalardo ("AJP") and Greenberg Traurig, LLP ("GT") are entitled to summary judgment in this matter because plaintiff International Strategies Group, Ltd. ("ISG") "has failed to demonstrate how the conduct and events as alleged are, even in theory, causally linked. In other words, even if Pappalardo and GT's conduct fell below the standard of care, plaintiff has not offered any compelling theory of causation between such conduct and any harm suffered by plaintiff." Op. 4-5. In its motion for reconsideration or relief from judgment, ISG tries to resuscitate its case against GT and AJP by arguing that the Court made "manifest errors of fact" by misinterpreting certain evidence that ISG had introduced, and which ISG tries to supplement now with additional evidence. ISG cannot use this motion to reargue points already made, or introduce new evidence that was readily available to ISG all along. Moreover, even if it were allowed to do so, the rehashing and supplemental information that ISG offers do not present any grounds for the Court to reexamine its judgment: the Court did not make any manifest errors of fact, and GT and AJP would still be entitled to summary judgment because they were not the proximate cause of any alleged harm to ISG. ISG simply

regurgitates old arguments, all without merit, and the items ISG points to for reconsideration are not material to the decision.[1]

In moving for reconsideration, ISG invokes Federal Rule of Civil Procedure 59(e), which "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact…." *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)(internal quotations omitted). ISG also moves for relief for judgment under Federal Rule of Civil Procedure 60(b), citing as grounds "mistakes as well as 'any other reasons justifying relief from the operation of judgment.'" Pl.'s Mem. Supp. Recons. 2. Rule 60(b) is mutually exclusive of Rule 59(e), and the former does not provide a remedy for judicial error, which is all that ISG claims as its basis for relief, and is thus unavailable to ISG. *See Silk v. Sandoval*, 435 F.2d 1266, 1267-68 (1st Cir. 1971).[2] Neither rule affords litigants an opportunity to rehash old, unsuccessful arguments. *See United States v. $23,000 In United States Currency*, 356 F.3d 157, 165 n. 9 (1st Cir. 2004)("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."); *Barrett*, 239 F.3d at 28 ("A motion for relief from judgment [under Rule 60(b)] cannot be used merely to reargue a point already decided.").

Nor does either rule allow litigants to introduce new evidence or arguments that could or should have been made before judgment was entered.[3] *See Emmanuel v. Int'l Brotherhood of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)(finding that while Rule 59(e) "provides litigants with a vehicle to present the district court with evidence uncovered after the entry of judgment," the rule "certainly does not allow a party to introduce new evidence or

---

[1] Additionally, GT and AJP agree with and rely upon the analysis articulated by Eckert Seamans Cherin & Mellott LLC ("ESCM") in its opposition brief.

[2] Even were the catch-all provision of Rule 60(b) available to ISG, which it is not, its burden is exceedingly difficult and ISG has not even attempted to meet it. The movant must establish "exceptional circumstances justifying extraordinary relief." *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001). *See also Gonzalez-Pina v. Rodriquez*, 407 F.3d 425, 433 (1st Cir. 2005)("Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly.")(Internal quotations and ellipses omitted.)

[3] For this reason, as well as other problems of admissibility, GT and AJP have moved to strike the exhibits and the three affidavits submitted in support of ISG's motion for reconsideration.

advance arguments that could and should have been presented to the district court prior to judgment")(internal quotations omitted); *Barrett*, 239 F.3d at 28 (finding that a litigant seeking relief under Rule 60(b) must justify any delay in submitting evidence before the court and "cannot set aside a judgment because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court")(internal quotations and ellipses omitted).

All the defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this action on the grounds that none of them could have been the cause of any harm to ISG. Following denial of these motions, all defendants moved for summary judgment based on lack of causation, among other grounds, in accordance with the schedule established by this Court at a scheduling conference on April 26, 2005 (the "Scheduling Conference"). Discovery was never stayed, and the discovery period in fact remained open after the Scheduling Conference, when the parties exchanged initial disclosures and ISG never requested additional time to oppose summary judgment.[4] In any event, all the arguments related to causation that ISG makes in the present motion were fully argued before this Court already. Repeated, stale arguments cannot form a basis for reconsideration, and for that reason alone ISG's motion should fail. *See $23,000 In United States Currency*, 356 F.3d at 165 n. 9. Moreover, the arguments do not pass muster for the

---

[4] Jessica Block, attorney for ISG, did submit an affidavit denominated as pursuant to Fed. R. Civ. P. 56(f), although ISG never moved to take supplemental discovery or otherwise ask for additional time after the summary judgment motions were filed, nor did it state how any additional discovery was essential to ISG's opposition and why it could not have been obtained in a timely manner. *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 39-42 (1st Cir. 2004)(outlining the requirements of a party seeking additional time to oppose a motion for summary judgment). Moreover, ISG did conduct extensive discovery, including discovery in its prior suit against COB, Societe Bankhouse, James Pomeroy, and SB Global, Inc., in this Court. Among other actions, ISG noticed AJP's deposition on November 26, 2002 (eventually accepting documents in lieu of the deposition). ISG examined documents produced by AJP and successfully moved to compel certain documents. Additionally, ISG appears to have collected numerous documents in its myriad other actions connected to the Swan Trust investment, including suits against: Stephen Heffernan, No. 1:04-cv-10863 (D. Mass.); Peter Ness, No. 3:04-cv-00696 (D. Conn.); and ABN AMRO Bank N.V. ("ABN AMRO") and First Merchant Bank OSH Ltd. ("FMB"), Civ. No. 601604/04 (N.Y. Sup. Ct.). Indeed, ISG produced to AJP and GT over 23,000 pages of such documents as part of its initial disclosures, most of which the defendants had never seen. ISG's present claim that "[r]eversal is especially compelled in light of the pre-maturity of the motion for summary judgment" is baseless. Pl.'s Mem. Supp. Recons. 7.

same reasons they did not pass muster when this Court first considered them at the summary judgment stage.

This Court properly found that ISG "has not offered any compelling theory of causation between such conduct and any harm suffered by plaintiff," Op. 5, and then gave examples of ISG's utter failure. ISG now quibbles with three insignificant aspects of the Court's examples. One issue ISG raises refers to money in accounts of FMB at ABN AMRO that ISG had argued "appear to have been available for attachment" until May 2000. *See* Pl. Resp. 28. This Court made no error in interpreting how the sweep accounts worked. ISG introduced evidence of the funds with no explanation of how they worked or what was meant by a sweep account. Indeed, ISG did not even argue that the funds were available for attachment, but only that they *appeared* to have been so. And even if ISG could now offer a more robust explanation of how sweep accounts work—which it cannot, for reasons further explained in GT's and AJP's motion to strike ISG's exhibit and affidavits—this explanation does nothing to warrant reconsideration. ISG does not address a central failure of its "evidence" regarding FMB's accounts: ISG never says what AJP could and should have done with regard to the money in the accounts, and when and how he should have done it. Whether or not the money in FMB's sweep accounts was returned to such accounts after being swept, ISG has never shown that the money in these "concentration" or "sweep" accounts belonged to ISG or anyone involved in the Swan Trust investment, when money could have been attached and how much, and why any injunction or other remedy could not have been circumvented. In the scant "preliminary summaries" ISG submitted, Barber Aff. ¶ 11, the putative amounts fluctuated wildly before being utterly depleted by May 2000, and ISG cannot say that any of this money was ever available for attachment. ISG has never even introduced evidence showing that AJP knew or should have known of the accounts.

It is difficult even to decipher the grounds on which ISG feels it is entitled to relief under Rule 59(e) with regard to ISG's alleged "missed opportunity" to sell its investment interest to St. Frederikslund's Holding A/S ("SFH"). ISG merely states in conclusory terms that "the Court declined to draw all reasonable inferences" and "ignored the additional evidence presented to it," neither of which can form the basis for relief under the rule. But even were ISG allowed to rehash unsuccessful arguments, they fail just as readily now. The speculation of both Frank Hansen—"it is not unlikely that"—or Peter Ness—"might buy out"—to which ISG refers is simply not evidence upon which ISG could have relied. *See Hershey v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 317 F.3d 16, 19 (1st Cir. 2003)(parties opposing summary judgment "may not rely upon … unsupported speculation to defeat summary judgment"). And, indeed, neither affiant even implies that SFH did not purchase ISG's interest as a result of AJP's or GT's allegedly delayed prosecution.

ISG's arguments with regard to both the FMB accounts and the alleged "missed opportunity" with SFH also fail for an entirely separate reason. ISG hired new counsel with sufficient time to take action against all the parties that AJP or GT could have pursued. Indeed, ISG today has cases pending against ABN AMRO and FMB in which it seeks to recover the money lost in the Swan Trust affair. On this score, ISG merely repeats its argument that the delay in its prosecution caused it undefined harm. ISG claims that it is entitled to reconsideration because "the Court drew mistaken conclusions from the affidavit of Kathleen Stone" and "did not appear to consider other evidence," Pl.'s Mem. Supp. Recons. 8-9, neither of which can form the basis of a motion for reconsideration. For that reason alone ISG's motion fails.

Moreover, even if the Court were to reconsider this question, ISG still has not put forth facts on which a jury could find that AJP or GT caused it harm. "Correcting" the alleged mistakes would not change anything because, as this Court found:

> "Additionally … Ms. Stone's affidavit itself never affirmatively states that plaintiff was unable to file suit without these files…. Moreover, plaintiff offers no other evidence that failure to obtain the files constituted a proximate cause of injury." Op. 6.

There is no dispute that ISG knew about the role of FMB and ABN AMRO in the Swan Trust matter long before Ms. Stone came into the picture. ISG has not said why it could not have sought discovery of those institutions on its own, once it had representation, or why it could not have moved to compel once it had subpoenaed them. And the fact remains that ISG could have initiated suit against those institutions, did initiate suit, and indeed its suit is still pending.

## Conclusion

For the foregoing reasons, and for those given in ESCM's opposition brief, ISG's Motion For Reconsideration Under Rule 59(e) Or For Relief From Judgment Under Rule 60(b) must fail.

Respectfully submitted,

GREENBERG TAURIG, LLP AND
A. JOHN PAPPALARDO,

By their attorneys,

*/s/ Matthew P. Garvey*
Paul B. Galvani (BBO # 183800)
Matthew P. Garvey (BBO # 655419)
Ropes & Gray LLP
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

Dated: February 22, 2006

## **CERTIFICATE OF SERVICE**

I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, February 22, 2006, the within reply was served on the plaintiff by causing a copy of the same to be electronically and hand delivered to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109, and was served on defendant Eckert, Seamans, Cherin and Mellott, LLC by causing a copy of the same to be electronically and hand delivered to its counsel, Devorah Levine, Esq., Eckert, Seamans, Cherin and Mellott, LLC, One International Place, 18th Fl., Boston, MA 02110.

*/s/ Matthew P. Garvey*
Matthew P. Garvey