UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL STRATEGIES GROUP, LTD., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| GREENBERG TRAURIG, LLP., A. JOHN PAPPALARDO, AND ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC, ) ) ) ) | CIVIL ACTION No.: 04-12000 RWZ |
| Defendants ) ) | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF JOINT MOTION TO STRIKE EXHIBIT AND AFFIDAVITS

Defendants A. John Pappalardo ("AJP"), Eckert Seamans Cherin and Mellott LLC ("ESCM") and Greenberg Traurig, LLP ("GT") submit this memorandum of law in support of their Joint Motion to Strike the exhibit and the affidavits of Blaine H. Bortnick, Christopher M. Barber, and Kathleen C. Stone, which were submitted by Plaintiff International Strategies Group, Ltd. ("ISG") in support of its motion for reconsideration or for relief from judgment. The exhibit and affidavits contain no information that was not available to ISG at the time it submitted its summary judgment papers, and thus cannot be used to support ISG's motion. Moreover, even if they could be considered in a motion for reconsideration or relief from judgment, the exhibit and affidavits fail to satisfy the requirements of Federal Rule of Civil Procedure 56(e) in that they either are unqualified expert testimony, improper subjects of expert testimony, rank speculation, opinion, not based on personal knowledge, lack foundation, or are otherwise inadmissible.

I.  **The Court Should Strike The Exhibit And The Affidavits Because All The Evidence Contained Therein Was Available To ISG When The Summary Judgment Motion Was Argued**

Neither Federal Rule of Civil Procedure 59(e) nor Rule 60(b) allows a moving party to introduce additional evidence or arguments that could or should have been made before judgment was entered.  *See Emmanuel v. Int'l Brotherhood of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)(finding that while Rule 59(e) "provides litigants with a vehicle to present the district court with evidence uncovered after the entry of judgment," the rule "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment")(internal quotations omitted); *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001)(finding that a litigant seeking relief under Rule 60(b) must justify any delay in submitting evidence before the court and "cannot set aside a judgment because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court")(internal quotations and ellipses omitted). Additional facts or arguments cannot be submitted in a motion for reconsideration or relief from judgment on the grounds that the movant is responding to what it believes was a manifest error or incorrect conclusion by a court.  *Cf. Dimarco-Zappa v. Cabinallas*, 238 F.3d 25, 34 n. 12 (1st Cir. 2001)(rejecting claim that an argument was not waived because it was a response to a putatively incorrect determination by the district court, and noting that "courts are … entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion")(internal quotations omitted); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)(finding that a couple was not entitled to reconsideration under Rule 59(e) despite submitting additional evidence in support of its motion revealing that the court had made a "manifest error of fact" in mistakenly concluding that they had been married during a certain

period, and noting, "[t]hat other evidence not in the record may negate the district court's inference is beside the point")(internal quotations and citations omitted).

ISG never says that any of the evidence it proffers to support its motion for reconsideration or relief from judgment was not available to it when the summary judgment motion was argued, nor could it say so, and thus it should all be stricken. ISG's claim that the additional evidence demonstrates manifest errors of fact—which it most surely does not, in any event—is not sufficient to put the evidence properly before this Court.

## II. The Exhibit And Affidavits Should Also Be Stricken Because They Do Not Comport To The Requirements Of Federal Rule of Civil Procedure 56(e)

Even if the additional evidence could properly be considered by the Court, the exhibit and affidavits should be stricken for failure to comply with Federal Rule of Civil Procedure 56(e). Rule 56(e) provides that:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible* in evidence and shall show affirmatively that the affiant is *competent* to testify to the matters stated therein.

Fed. R. Civ. P. 56(e). (Emphasis added.) Affidavits must be examined on a point-by-point basis. *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001). Applying such an analysis to the ISG affidavits and exhibit demonstrates that they do not pass muster. Although nothing contained in the additional evidence serves to create a genuine issue of material fact, the affidavits and exhibit should be stricken nonetheless.

### A. To The Extent ISG Purports To Submit Expert Testimony, Such Testimony Should Be Stricken Because It Lacks Proper Foundation And Relates To Legal Issues Not Properly Subject To Expert Testimony

As with lay testimony, the principle that "conclusory allegations, improbable inferences, and unsupported speculation are insufficient to defeat summary judgment" applies to expert testimony, and thus "an expert opinion must be more than a conclusory assertion about ultimate

legal issues." *Magarian v. Hawkins*, 321 F.3d 235, 240 (1st Cir. 2003)(internal quotations omitted). In addition to generally applicable rules of admissibility, three specific requirements pertain to expert testimony: 1) the expert must be qualified to testify; 2) the testimony must concern scientific, technical or other specialized knowledge; and 3) the testimony must be such as to assist the trier of fact to understand the evidence or to determine a fact at issue. *Diefenbach v. Sheridan Transp.*, 229 F.3d 27, 30 (1st Cir. 2000). Certain subjects, including most legal analysis and conclusions, cannot be the subject of expert testimony. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99-101 (1st Cir. 1997). Barring rare, established exceptions, none of which is applicable here, questions of law are exclusively for a judge to decide, and "expert testimony proffered solely to establish the meaning of a law is presumptively improper." *United States v. Mikutowicz*, 365 F.3d 65, 73 (1st Cir. 2004)(internal quotations omitted); *see also Nieves-Villanueva*, 133 F.3d at 99-101.

Without offering prior disclosure or a detailed report of their qualifications,[1] ISG submitted affidavits of Messrs. Bortnick and Barber and Ms. Stone containing statements that comprise opinions. Mr. Barber offers an explanation of how "sweep accounts" function, as a global matter, and concludes that "had an attachment been obtained in, for instance, August, 1999, the investors could have captured between $2,340,440.60 and $3,564,415.60." Barber Aff. II, ¶ 4-5. Barber's statement that he is "an experienced businessman in both Asia and Europe" who is "familiar with sweep accounts and the way they operate," Barber Aff. II, ¶ 3, is woefully insufficient to qualify him as an expert on such accounts. Nor does he establish any basis for

---

[1] To the extent that ISG is submitting expert evidence without first disclosing the identities and qualifications of its experts to Defendants, ISG failed to comply with Federal Rule of Civil Procedure 26(a). Absent substantial justification, which ISG has not offered, ISG generally is not permitted to use such evidence under Federal Rule of Civil Procedure 37(c)(1). *See Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004).

applying his understanding to the hypothetical he offers. His unqualified, unsupported speculation should be stricken.

Mr. Bortnick also weighs in with an explanation of how sweep accounts work. Bortnick Aff. ¶ 5. He, too, is not a banking expert and is thus unqualified to offer this testimony. Additionally, Mr. Bortnick offers a legal analysis of a New York law, CPLR article 62, applying the law to hypothetical facts—for which he provides no basis—to conclude that "had ESCM, GT or AJP immediately filed a lawsuit against Henry Pearlberg (or retained local counsel to do so), they could have sought an attachment in New York on an ex-parte basis restraining the dissipation of he funds in concentration accounts (574073851441)…." Bortnick Aff. ¶ 6. Such legal analysis, offered by ISG's own lawyer no less, *see* Bortnick Aff. ¶ 1, simply cannot be proffered to oppose summary judgment. Moreover, it should be stricken as rank speculation, relying on improbable inferences with absolutely no basis in fact.

Ms. Stone also offers legal conclusions, stating that "there was no jurisdiction over Abn Amro Bank or First Merchant Bank in Massachusetts," Stone Aff. II, ¶ 3, and that "[a]s a predicate to filing the New York action, ISG had to obtain … an assignment of COB's and Pomeroy's rights in the Deed of Assignment, because it individually had no standing to sue the banks for the monies misappropriated from Swan Trust." Stone Aff. II, ¶ 4. Such unsubstantiated and purely legal opinions should be stricken.

    B.    <u>The Court Should Strike Mr. Bortnick's And Ms. Stone's Testimony That Is Not Based On Personal Knowledge</u>

The "touchstone" of admissibility for affidavits supporting or opposing summary judgment is personal knowledge. *Perez*, 247 F.3d at 315–16. Speculation and opinion testimony are inadmissible; "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Id.* at 316.

Mr. Bortnick states: "as I understand from the pleadings in the instant action, ISG was led to believe all necessary actions would be taken on its behalf by the defendants." Bortnick Aff. ¶ 6. His statement on its face is pure hearsay, argumentative, and is not based on personal knowledge, and should be stricken.

Ms. Stone speculates that "had my firm been retained in August 1999 to prosecute a case against COB and Pomeroy, [certain documents subpoenaed from ABN AMRO] would have been obtained at least two years earlier." Stone Aff. ¶ 3. Such sheer speculation also should be stricken.

### C. Evidence Should Be Stricken Where No Foundation For Admissibility Is Provided

In accordance with Rule 56(e), any facts submitted must be admissible before they can be included "in the summary judgment calculus." *Perez*, 247 F.3d at 316. It is axiomatic that for evidence to be admissible, the foundation for admissibility must be laid. The exhibit attached to ISG's memorandum is submitted with no sworn statement laying its foundation, and should be stricken.

### D. Ms. Stone's Affidavit Should Be Stricken As Irrelevant

The entire affidavit of Kathleen Stone is irrelevant and should be stricken. She rehashes statements given in her prior affidavit in this matter concerning her experiences while representing ISG, none of which is germane to the issue of causation. Ms. Stone and whoever else has represented ISG have brought multiple claims against other parties since she began representation, and indeed ISG still has pending viable actions against FMB and ABN AMRO in New York.

## Conclusion

For the foregoing reasons, the Court should grant the defendants' Joint Motion to Strike the Barber, Bortnick, and Stone affidavits and the exhibit attached to ISG's motion for reconsideration or relief from judgment.

        Respectfully submitted,

        GREENBERG TRAURIG, LLP AND
        A. JOHN PAPPALARDO,

        By their attorneys,

        */s/ Matthew P. Garvey*
        Paul B. Galvani (BBO # 183800)
        Matthew P. Garvey (BBO # 655419)
        Ropes & Gray LLP
        One International Place
        Boston, MA 02110
        Tel.: (617) 951-7000

        ECKERT, SEAMANS,
        CHERIN AND MELLOTT, LLC,

        By its attorneys,

        */s/ William B. Mallin*
        William B. Mallin (admitted pro hac vice)
        Timothy S. Coon (admitted pro hac vice)
        Devorah A. Levine, Esquire (BBO #650813)
        Eckert Seamans Cherin & Mellott, LLC
        One International Place
        Boston, MA 02110
        (617) 617) 342-6800

Dated:  February 22, 2006

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1, I, the undersigned counsel for defendants Greenberg Traurig, LLP. and A. John Pappalardo, certify that I have conferred unsuccessfully with plaintiff's counsel regarding this motion in good faith to resolve or narrow the issues presented by this motion.

/s/ Matthew P. Garvey
Matthew P. Garvey

## CERTIFICATE OF SERVICE

I, Matthew P. Garvey, a member of the Bar of this Court, hereby certify that on this day, February 22, 2006, the above Memorandum of Law In Support of Joint Motion to Strike was served on the plaintiff by causing a copy of the same to be delivered electronically and by hand to its counsel, Jessica Block, Esq., Block & Roos, LLP, 60 State Street, Suite 3800, Boston, MA 02109.

/s/ Matthew P. Garvey
Matthew P. Garvey